ALEXANDER J. CAMERON AND ANOTHER *vs.* ZALMON PECK.

The plaintiffs sued for goods sold and offered in evidence a written order for the same signed by the defendant. The defendant admitted that he signed the order, but offered evidence to show that he signed it on Sunday, between the rising and setting of the sun, and at the same time delivered it to one *B*, who was found by the jury to be his agent. The order bore the date of a week day, and the plaintiffs when they received it and delivered the goods under it did not know that it was signed on Sunday. The court charged the jury that all contracts made on Sunday between the rising and setting of the sun were by statute void; that it required two parties to make a contract; and that if they should find upon all the evidence that this was a contract made on Sunday it was void. The jury returned a verdict for the plaintiffs. Held that there was no ground for granting the defendant a new trial.

The plaintiffs, to prove the contents of a letter written by them to the defendant, the original of which the defendant denied having in his possession, offered in evidence a copy of an impression of the original letter made by a copy-press in a letter book kept by the plaintiffs, one of the plaintiffs testifying that he knew the copy offered to be an exact copy of the original letter. Held that the copy so offered was admissible.

ASSUMPSIT for goods sold; brought to the Superior Court in Fairfield County, and tried to the jury, on the general

issue, before *Granger*, *J.* Verdict for the plaintiffs, and motion for a new trial for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*Sturges*, in support of the motion.

*Beardsley*, contra.

FOSTER, J. There are no grounds for disturbing the verdict and granting a new trial in this case.

The charge of the judge, so far as the order or paper described in the motion is concerned, gives the defendant no reasonable cause of complaint. He insisted that he signed it and delivered it to Beecher on Sunday, and that so the agreement contained in it was void and of no effect as to him; and that the jury should have been so instructed, if they so found the facts. The paper bore the date of a secular day, and it was admitted that the plaintiffs had no knowledge that it was executed on Sunday, if it was so executed. It was not received by them on Sunday, nor did the plaintiffs deliver any goods under it on that day. They offered evidence tending to prove that it was executed on a secular da‸ Whether the paper was intended to be addressed to the plaintiffs, or to Beecher, seems to have been a matter in controversy.

The court charged the jury that all contracts made on Sunday between the rising and setting of the sun were by statute void; that it required two parties to make a contract; and that if they should find, under all the facts proved and admitted, that this was a contract made on Sunday, it was void in law.

This instruction was unexceptionable and apposite to this part of the case.

We do not regard this paper or order as a contract on which, directly or remotely, the plaintiffs must rest their right to recover. It is an incident, a piece of testimony, entitled to such weight as the jury should think proper to give it, and no more, in determining whether or not the defendant was

liable for the goods which the plaintiffs claimed they had sold and delivered to him. Our statute no doubt makes void all contracts entered into on Sunday, and we should not knowingly give countenance to an opposite doctrine. Whatever the defendant may claim to have done; it does not appear that the plaintiffs had in any respect violated the provisions of this statute ; and while we must commend the zeal of the defendant to preserve the sanctity of the Sabbath, we cannot but hope that he will hereafter manifest that zeal, not by words only, but also by deeds.

The controlling question in the case seems to have been, whether Beecher was the agent of the defendant to such an extent as to pledge his credit, and make him responsible for the goods bought of the plaintiffs. On this point the charge was that unless the jury should find that Beecher was the agent of the defendant, the plaintiffs could not recover. This was explicit, and certainly sufficiently favorable to the defendant.

The remaining question is as to the admissibility in evidence of a copy of a letter said to have been written by the plaintiffs to the defendant.

The plaintiffs offered to prove that on the 13th of March, 1868, a letter was written by them addressed to the defendant, in which was enclosed a statement of their account against him, which statement, it was admitted, the defendant had previously requested the plaintiffs to forward him by mail. It must be presumed that the defendant was notified to produce this letter, though the motion does not state the fact. It does state however that to prove the contents of the letter, the defendant claiming that the original was not in his possession, the plaintiffs offered a writing which A. J. Cameron, one of the plaintiffs, swore was a true copy of the original letter forwarded by mail to the defendant enclosing a statement of their account. On cross-examination the witness testified that the copy offered in evidence was copied from the plaintiffs' letter book, which contained an impression of the original, made at the time it was written, by the copy-press process, and that he knew this to be an exact copy of

the original letter. The defendant objected to the admission of the copy in evidence, solely on the ground that it was a copy of a copy, but the court admitted it.

This objection is purely technical, and may be considered therefore on technical grounds.

In the argument before us the defendant's counsel assume that the machine copy was in the possession and so in the power of the plaintiffs. Such may have been the fact, but the motion is silent on the subject. For aught that appears the letter book, containing this machine copy, was not in existence. Nor does the motion disclose when the copy offered in evidence was made. It may have been made at the same time that the machine copy was made, and if so it would clearly be admissible as one of two duplicate copies. But if made afterwards, as most probably it was, we still think it was admissible. The sole objection to its admissibility, it must be borne in mind, is, that it was a copy of a copy. The ground of the objection supposes the original to be lost, or out of reach of the plaintiff. If that were not so, the objection to any copy would be insuperable. Now the rule that a copy of a copy is not evidence, properly applies to cases where the original is still in existence and capable of being compared with it; or where it is the copy of a copy of a record, the record being still in existence, and being by law as high evidence as the original. The reason of the rule is the same in both cases, the copy offered is two removes from the original. But it is quite a different question where the original is lost, and the record is not deemed in law as high as the original. *Winn* v. *Patterson*, 9 Pet. Rep., 677, per STORY, J. In *Robertson* v. *Lynch*, 18 Johns. Rep., 450, after notice to the defendant to produce an original letter, the court admitted in evidence to prove its contents a copy made from the letter book of the plaintiffs', on the testimony of a clerk who testified that he copied the original into the letter book, and that the copy offered in evidence was a true copy of the copy in the letter book. On a motion to set aside the verdict and grant a new trial, the case went off on another

point, but the court say—"We are inclined to think that none of the other objections, (this was one,) are well founded."

The witness in this case testified that he knew the paper offered to be an exact copy of the original letter. That, we think, made it admissible ; the proper foundation for the admission of secondary evidence having been previously laid. The facts elicited on the cross-examination, at the most, go no farther than to show that this was a second copy, verified as a true copy of the original. It was properly admitted.

There should be no new trial.

In this opinion the other judges concurred.