STANLEY A. BEARDSLEY *vs.* WALTER M. IRVING.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

It is the duty of the trial court in charging a jury to call their attention to whatever is necessary to guide them to a right decision in a particular case; and therefore if the parties are at issue as to the day of the month upon which the contract in suit was made, and whether that day was Sunday or not, and the jury have no definite data or information whereby that question can be correctly determined, the trial judge should take judicial notice to what days of the week the respective claims of the parties apply, and charge the jury accordingly.

Submitted on briefs October 30th, 1908—decided January 6th, 1909.

ACTION to recover damages for breach of warranty in the sale of a horse, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $85, and appeal by the defendant. *Error and new trial ordered.*

*Robert C. Stoddard,* for the appellant (defendant).

*E. P. Arvine* and *Albert D. Penney,* for the appellee (plaintiff).

RORABACK, J. This is an action brought to recover damages for the breach of an alleged warranty as to the soundness of a horse. The plaintiff obtained a verdict,

and the defendant in his appeal to this court has made several assignments of error relating to the charge of the court and its rulings upon evidence.

By his second assignment of error the defendant claims to have been aggrieved because the court charged as follows: "Now it is necessary that there should be a valid contract, and as you know, and as I charge you, a contract made upon Sunday is not, in this State, a valid contract, and I speak of this in passing. . . . Now, if the third of June was Sunday, any agreements made upon that day would not be binding upon the defendant; but, I think, gentlemen, of course it is for you to say, but I think you will remember that no one in this case has testified that that first agreement was on Sunday, and you can only arrive at the fact that it was Sunday by subtracting three from the tenth that Mr. Irving testified was Sunday. The Beardsleys placed Sunday on the 9th as I remember— thought Sunday was the 9th. Mr. Irving thinks it is the 10th; of course if it is the 10th and these negotiations for the contract were upon the third, the third would be Sunday. But you have first to determine whether Sunday came upon the 9th or 10th, and you have to find from the evidence—the main thing is to find from the evidence— whether the first negotiation between Mr. Beardsley, senior, and the defendant, was upon a week day or upon a Sunday —and as I say, I do not remember any direct evidence from either of them, that it was Sunday, and I think there was evidence as to its being a week day—but that, of course, you must bear in mind and consider."

In substance the jury were told that if they found that there was such a contract, it was for them to say what day of the month it was made, and then determine from the evidence whether such day was Sunday.

This was error. The charge delivered by the trial court should have called the attention of twelve men, unfamiliar with legal distinctions, to whatever was necessary and

proper to guide them to a right decision in this particular case. *Sturdevant's Appeal,* 71 Conn. 392, 398, 42 Atl. 70. The coincidence of the day of the month with the day of the week was a controlling fact in passing upon the validity of the contract upon which the plaintiff's cause of action was predicated. The defendant was entitled to have the jury plainly and clearly instructed whether or not June 3d, 1906, came upon Sunday. That this was not done is apparent from the extract from the charge already noticed. The vital fact was not brought clearly to the attention of the jury, and it is obvious that they could not have correctly inferred what the court meant. The evidence did not furnish any definite information upon the point involved, yet this did not relieve the court from the performance of its duty to furnish the jury with proper instructions. The nature of the subject, the issue involved, and the apparent necessities of the case, required the court to notice judicially which of these days was Sunday.

Judicial notice takes the place of proof, and is of equal force. As a means of establishing facts it is therefore superior to evidence. In its appropriate field it displaces evidence, since, as it stands for proof, it fulfils the object which the evidence is designed to fulfil, and makes evidence unnecessary. Thayer's Cases on Ev. 20, 21. Courts take cognizance of the days of the week with the days of the month; of the hours of sunrise and sunset, and an almanac may be read on the trial to refresh the memory of the court and jury. *State* v. *Morris,* 47 Conn. 179. These instructions may have misled the jury and induced it to render its verdict for the plaintiff upon an erroneous theory that June 3d, 1906, was not Sunday.

In all other respects except as noticed, the charge is substantially correct and adapted to the issues upon trial. No such error occurs in the rulings upon evidence as would entitle the defendant to a new trial.

An application to rectify the appeal, also an assignment

of error because the court failed to mark the defendant's proposed finding "proven" or "not proven," have been presented.

As the points of law which the defendant desired to raise were sufficiently presented in the judge's charge, these questions do not require further discussion.

There is error and a new trial is ordered.

In this opinion the other judges concurred.