STANLEY K. NYGREN ET AL. v. ANNA POTOCEK

SUPERIOR COURT      TOLLAND COUNTY      FILE NO. 5110

Memorandum filed November 22, 1946.

*Thomas J. Bermingham,* of Hartford, for the Plaintiffs.

*John B. Harvey,* of Willimantic, for the Defendant.

ALCORN, J. The plaintiffs, husband and wife, seek a conveyance of real estate and damages based upon the claimed assignment, to one of them, of a bond for deed.

The evidence establishes that on August 30, 1944, the defendant and one Rebillard entered into a written agreement under the terms of which the defendant undertook to sell and Rebillard to buy a tract of land with the buildings thereon, upon certain terms not necessary to particularize. Thereafter Rebillard signed a writing purporting to assign to Stanley K. Nygren, one of the plaintiffs, all of the right, title and interest which Rebillard had in the agreement of August 30, 1944, and in the premises therein described. It is unnecessary to detail the terms of the assignment beyond noting that it provides that it shall be void in the event that the defendant refuses to give the assignee title to the premises or that the assignee is unable to enforce performance by legal action.

The assignment is signed on behalf of the assignee plaintiff by John A. Markham, his attorney. The instrument is drawn in longhand upon two sheets of paper fastened together with a common pin, signed as aforesaid on the second sheet, but not

witnessed or acknowledged, and on the first sheet bears the date of March 2, 1946.

Mr. Markham appeared as a witness for the plaintiff and, in describing the making of the assignment agreement, disclosed the fact that the agreement was made, drawn and executed at his house on Sunday, March 3, 1946, contrary to the purported date on the face of the agreement.

Section 1452e of the 1939 Supplement to the General Statutes provides a penalty for "Any person who shall do, or require an employee to do, any secular business or labor, except works of necessity or mercy . . . between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night next following . . ." Statutes of similar purport, but varying as to scope and terminology, have long been common and have resulted in a substantial quantity of judicial decision as to the status of contracts made on Sunday.

At common law a contract made on Sunday is not illegal. By force of statute forbidding secular labor and business on Sunday, however, sales and contracts to sell made on that day are illegal. *Cameron* v. *Peck*, 37 Conn. 555. The principle finds expression in the following language:

"A bargain, except mutual promises to marry, that is not one of necessity or charity, is illegal if made or, except as stated in Subsection (2), to be performed wholly or in part on Sunday. Promises in such an illegal bargain impose no duty. . . ." 2 Restatement, Contracts, § 538 (1).

It is equally true that the fact that preliminary discussions may have occurred on a Sunday will not invalidate an agreement later entered into on a secular day. *Tyler* v. *Waddingham,* 58 Conn. 375, 394; comment on subsection (1) under § 538, Restatement, 2 Contracts.

The facts in the present case, however, satisfy me that the assignment agreement was reached, reduced to writing, and signed on Sunday. The assignment agreement itself indicates that it was hastily drawn and I am satisfied from all the evidence that, its terms having been agreed upon, they were immediately reduced to writing, and the agreement was signed and delivered on the same day. It follows that the agreement is illegal and void.

There is a conflict of authority as to whether a contract made on Sunday can be later ratified. 50 Am. Jur. 840, § 46. The preferable reasoning, however, denies that such a contract can be ratified by later action because it is utterly void. That result must follow in Connecticut where business contracts made on Sunday are held to be void. *Cameron* v. *Peck,* supra.

Jurisdictions which deny ratification, however, under certain circumstances allow recovery if the terms of the bargain are subsequently adopted by agreement of the parties on a secular day. This principle finds support in the Restatement of Contracts with the proviso, however, that the agreement is not binding unless the requirements for the formation of a contract exist at the time of the subsequent agreement. Restatement, 2 Contracts, § 539. In the present case I find no facts to warrant the conclusion that there was any new agreement after the agreement made on Sunday.

It remains only to consider whether the defense of illegality can avail the defendant, inasmuch as it was not pleaded. It has been held that under our rules of practice, illegality not apparent upon the face of the pleadings must be specially pleaded. *Hendrick* v. *Lowe,* 85 Conn. 635. This accords with the general view that the defense is new matter which must be pleaded when the illegality depends on extraneous facts and does not appear from the agreement itself or from the evidence necessary to prove it.

In the present case, however, the plaintiffs have declared on and must, in order to recover, establish the assignment agreement to be valid. In the course of that proof they, and not the defendant have disclosed its illegality. From the allegations of the complaint there was nothing to put the defendant on notice of the illegality so that it could be pleaded and the defendant was a stranger to the agreement. Under these circumstances justice requires that the court take notice of the illegality when it appears. 50 Am. Jur. 844, § 51. Nor is § 5665 of the General Statutes applicable under the circumstances of this case.

Since the illegality of the assignment agreement is conclusive, it is unnecessary to decide other issues raised or to discuss the facts applicable to those issues.

Judgment may enter for the defendant.