OLD LYME ASSOCIATES CORPORATION *v.* ZONING
COMMISSION OF THE TOWN OF OLD LYME

COURT OF COMMON PLEAS    NEW LONDON COUNTY    FILE NO. 24044

Memorandum filed November 13, 1974

*Dupont, Dupont, Tobin & Williams,* of New London, for the plaintiff.

*Gould, Sivin, Larson & Reardon,* of Deep River, for the defendant.

BIELUCH, J.  On February 28, 1974, the defendant held a public hearing to consider amended and new zoning regulations for the town of Old Lyme.  On the completion of the hearing, the defendant met in executive session that same evening to begin consideration of the proposed zoning regulations.  The minutes of this executive session show that before adjournment "[t]he meeting was scheduled to be reconvened on Monday, March 11, unless an earlier meeting was scheduled by the Chairman."  The defendant held another executive session on March 10, 1974, and after further discussion the codification of the amended and new zoning regulations was there adopted to become effective March 18, 1974.  From this action the plaintiff has appealed.

The plaintiff owns approximately eleven acres of land fronting on the Connecticut river.  Ferry Tavern, historically used as an inn, was located on the premises before its destruction by fire.  The major portion of the plaintiff's property was formerly in a CA-30 commercial district.  A permitted use in that zone was "[a] hotel or attached tourist

unit or 'motel' providing that the lot area is equal to not less than 2,000 square feet for each guest sleeping accommodation." By the newly adopted regulations, the zone classification of this land was changed to C-30 commercial district, and under § 7.1.5 the previously permitted use was limited to the following: "A hotel or motel of not less than 10 units nor more than 40 units providing that the lot area is equal to not less than 5,000 square feet for each unit." The plaintiff is aggrieved by this increase in the lot area requirement and by the total unit restriction irrespective of acreage.

Courts may take cognizance of the days of the week with the days of the month. *Beardsley* v. *Irving,* 81 Conn. 489, 491. The zoning regulations were adopted by the defendant on Sunday, March 10, 1974. The Sunday work and recreation law, General Statutes § 53-300, prohibits "any secular business or labor, except works of necessity or mercy, . . . between the hours of twelve o'clock Saturday night and twelve o'clock Sunday night next following." "Secular" is commonly taken to mean "non-ecclesiastical" or "not religious in character nor devoted to religious ends or uses." *Knights of Columbus Council No. 3884* v. *Mulcahy,* 154 Conn. 583, 590. The word "business" is given widely variant meanings. When applied to a public corporation, the term "signifies the conduct of the usual affairs of the corporation, and such as commonly engage the attention of its officers." *Massolini* v. *Driscoll,* 114 Conn. 546, 552; *Knights of Columbus Council No. 3884* v. *Mulcahy,* supra, 591. The town of Old Lyme is a municipal corporation and, as such a public corporation, is authorized under § 8-3 of the General Statutes, through its zoning commission, to adopt, establish, amend, and change zoning regulations and districts for all areas within its geographical limits. By adopting the revised zoning regula-

tions on Sunday, March 10, 1974, the defendant did engage in secular business for the town of Old Lyme which was prohibited by § 53-300.

The plaintiff in its various allegations attacking these zoning regulations did not allege their illegality under the Sunday law. The court must now consider whether this claim can avail the plaintiff, inasmuch as it was not pleaded or raised by counsel in their brief and argument. It has been held that under our rules of practice, illegality not apparent on the face of the pleadings must be specially pleaded. Practice Book § 120; *Norwalk Door Closer Co.* v. *Eagle Lock & Screw Co.,* 153 Conn. 681, 686. It is otherwise where, as here, the illegality of the action appealed from is visible in the complaint and self-evident in the record of proceedings filed by the defendant. Under these circumstances, justice requires that the court take notice of the illegality when it appears. See *Nygren* v. *Potocek,* 14 Conn. Sup. 405, 407.

Since the illegality of the zoning regulations adopted by the defendant on Sunday, March 10, 1974, is conclusive under § 53-300, it is unnecessary to decide other issues raised by the plaintiff or to discuss the facts applicable to them.

The appeal of the plaintiff is, accordingly, sustained.