MANAFORT BROTHERS, INC., ET AL. *v.* JOHN J. KERRIGAN ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and RYAN, Js.

Submitted on briefs June 7—decided July 26, 1966

*James N. Egan,* on the brief for the plaintiffs.

*Richard M. Cosgrove,* corporation counsel, and *Richard J. Cromie,* assistant corporation counsel, on the brief for the defendants.

RYAN, J. This action seeking a declaratory judgment was reserved for the advice of this court on a stipulation of facts. The questions presented relate to the validity of certain sections of an ordinance in the Hartford municipal code concerning garbage, refuse and weeds. It appears from the substituted complaint and the stipulation that others have an interest in this litigation. It is not possible for this court to determine from the record who they are. The record does not indicate that all persons having an interest in the subject matter are parties to the action or were given reasonable notice thereof. The complaint contains no allegation of compliance with the requirements of Practice Book § 309 (d), nor is the stipulation of facts of any assistance.

"It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard. This firmly fixed limitation, which, in effect if not technically in all cases, is a jurisdictional one, is as binding in English practice as it is with us." *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22; *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841. "The parties cannot, either by their silence or by their agreement, confer jurisdiction of the subject matter of an action. *Samson* v. *Bergin,* 138 Conn. 306, 309, 84 A.2d 273; *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 331, 133 A. 99." *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208. "It is fundamental that a declaratory judgment will not be rendered upon the complaint of any person unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof. Practice Book § 309 (d); *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 77, 193 A.2d 493; *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A.2d 308." *Riley* v. *Liquor Control Commission,* 153 Conn. 242, 249, 215 A.2d 402. On the record as presented in this case, it does not appear that this court has jurisdiction to render a declaratory judgment. *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683.

Although this determination disposes of the matter, it should be noted in passing that the sections

of the ordinance quoted in the stipulation of facts obviously represent only a portion of the entire ordinance. For example, paragraph 2 of the stipulation of facts indicates that "the municipal code pertaining to garbage, refuse and weeds, and the collection of the same" was revised "by adding certain amendments." The new sections are then recited, but the remainder of the ordinance is missing. One of the questions reserved for the advice of this court is whether the ordinance contains sufficient standards for the guidance of administrative officers in the exercise of their discretionary powers. *State* v. *Vachon,* 140 Conn. 478, 484, 101 A.2d 509. The section cited as 16-24A provides for suspension or revocation of licenses by the "director of public works and/or the director of health" for any violation of any part of the "chapter and/or any written rules and regulations . . . as set forth by the department of public works and the department of health." The record is devoid of any information as to whether any other section of the ordinance gives these administrative officers the authority to make such rules and what, if any, standards are provided for their promulgation. This court does not take judicial notice of city ordinances. *Martin* v. *Board of Zoning Appeals,* 145 Conn. 735, 736, 143 A.2d 450; *Kiska* v. *Skrensky,* 145 Conn. 28, 32, 138 A.2d 523; *Gilbert* v. *Hamden,* 135 Conn. 630, 635, 68 A.2d 157; *Appeal of Phillips,* 113 Conn. 40, 44, 154 A. 238.

The Superior Court is directed to render judgment for the defendants.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.