THE SLOANE-WHEELER CORPORATION ET AL. *v.* SMARO ODISEOS ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 1, 1966—decided January 17, 1967

*John C. Macrides,* with whom, on the brief, was *Donald F. Zezima,* for the appellants (defendants).

*Emile W. Jacques,* with whom was *Everett Fisher,* for the appellees (plaintiffs).

PER CURIAM. In 1906, a tract of land in Greenwich known as The Maples was divided into forty lots. All of them were subject to similar building and use restrictions, thereby giving each grantee the right to enforce the restrictions against any other grantee. *Maganini* v. *Hodgson,* 138 Conn. 188, 192, 82 A.2d 801.

The plaintiffs, who are the present owners of six of these lots, brought this action, seeking to have their lots declared relieved from the deed restrictions. They claim that over the years the character of The Maples has so changed that the purpose of the original scheme of restrictions has been defeated. They further claim that the restrictions no longer afford the protection for which they were intended but have become oppressive, burdensome and inequitable. The court rendered judgment granting the relief sought, and the defendants, who also owned six lots in The Maples have appealed from the judgment.

We do not now determine whether the trial court correctly concluded that the changes which have occurred in The Maples are sufficient to meet the strict requirements set forth in such cases as *Fidelity Title & Trust Co.* v. *Lomas & Nettleton Co.,* 125 Conn. 373, 376, 5 A.2d 700, and *Bickell* v. *Moraio,* 117 Conn. 176, 187, 167 A. 722, because the record discloses a fundamental flaw in the proceedings. As we have stated, the plaintiffs requested a declaratory judgment. General Statutes § 52-29. They alleged in their complaint that a majority of the owners and holders of encumbrances on the lots had executed releases of the restrictions. The trial

court, in one place in the finding, found that most of the lot owners in The Maples agreed in writing to waive the restrictions, while in another place the court found that releases of the deed restrictions were signed by lot owners who were not made parties defendant in this action. There is no finding either that there are no nonappearing encumbrancers on any of the lots or that all encumbrancers released the restrictions. The releases which are referred to in the finding and which are exhibits fail to disclose whether or not all the owners and encumbrancers of lots in The Maples who were not parties to this action have properly released the restrictions.

Section 309 of the Practice Book provides: "The court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." We have consistently stressed that strict observance of this jurisdictional requirement is necessary. *Manafort Bros., Inc.* v. *Kerrigan,* 154 Conn. 112, 114, 222 A.2d 218; *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841; *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683.

The record fails to disclose that the plaintiffs sustained their burden of proving that all persons having any interest in the removal of the deed restrictions on the lots in The Maples either were made parties to this action or have had reasonable notice thereof.

There is error, the judgment is set aside and the case remanded with direction to dismiss the action for lack of jurisdiction.