STATE EX REL. JAMES KELMAN ET AL. *v.* GLORIA SCHAFFER, SECRETARY OF THE STATE OF CONNECTICUT

STATE EX REL. JAMES KELMAN ET AL. *v.* REGINALD J. REYNOLDS, TOWN CLERK, THE TOWN OF NEW CANAAN

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued October 27—decided October 27, 1971

*Michael P. Koskoff,* for the appellants (plaintiffs) in each case.

*Raymond J. Cannon,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant) in the first case and as amicus curiae in the second case.

*Ira E. Hicks,* for the appellee (defendant) in the second case.

House, C. J. These two cases were consolidated for trial in the Superior Court in Fairfield County. The actions were brought by two plaintiffs, each between the ages of eighteen and twenty-one years. In the first instance the plaintiffs sought writs of mandamus ordering that their names be placed on the ballot in the town of New Canaan as candidates for the town council, for which positions they had received the endorsement of the Democratic Town Committee and the New Canaan Democratic caucus. By later amendment to their complaints, they also sought a declaratory judgment that the Connecticut statutes do not prohibit electors under age twenty-one from holding municipal office in the town where they reside, that General Statutes § 1-1c[1] is uncon-

[1] "[General Statutes] Sec. 1-1c. 'ELECTOR' DEFINED. Whenever the term 'elector' or 'electors' occurs in the general statutes or in any special act, it shall be construed to mean an elector or electors who have attained the age of twenty-one years, except where said term is used with reference to admission to, or exercise of, the privilege of voting in an election, or in a primary or caucus of a political party."

stitutional, that a denial of their right to hold municipal office violates the twenty-sixth amendment to the constitution of the United States, and that if elected they are entitled to hold office in the town of New Canaan.

The trial court denied the petitions for writs of mandamus and rendered a declaratory judgment: (a) that § 1-1c of the General Statutes has not been amended, superseded or repealed by Public Act No. 675, 1971 Session;[2] (b) that §§ 9-186 and 1-1c do prohibit citizens under the age of twenty-one from holding municipal office in the towns where they reside; and (c) that the plaintiffs if elected are not entitled to hold municipal office in the town of New Canaan. From this judgment the plaintiffs appealed and, relying on both the provisions of § 762 of the Practice Book, as amended, and the provisions of § 52-265a of the General Statutes, moved that this court expedite the appeal and defer the printing of briefs until after argument. This court acted under the provisions of Practice Book § 762 and, to expedite a decision on the appeal, suspended the general rules and time provisions for appeals to this

---

[2] "[PUBLIC ACTS 1971, NO. 675] Section 1. If and when the proposed amendment to the Constitution of the United States lowering the voting age to eighteen is ratified each person who possesses the qualifications for admission as an elector except that he is eighteen or more but less than twenty-one years of age and who has been registered as a so-called 'federal elector' or 'federal voter', shall be an elector, and shall immediately be entitled to all the privileges of electors and, if such person was enrolled with a party, he shall immediately be entitled to all the privileges of enrolment in the party on whose enrolment list for federal electors his name appeared. Upon ratification of such proposed amendment to the United States Constitution, the registrars of voters shall place the name of each such person upon the appropriate registry list and appropriate enrolment list next prepared, including any such lists prepared in accordance with the provisions of sections 9-57 or 9-172b."

court, consented to hear the appeal on an agreed statement of facts and on typewritten briefs, subject to later printing, and specially assigned the appeal for prompt hearing.

On their appeal to this court, the plaintiffs made no claim of error in the decision of the trial court denying their petitions for writs of mandamus and limited their assignments of error to the conclusions of that court as expressed in the declaratory judgment which it rendered.

Despite the efforts of this court to expedite a decision on the merits of the appeal, an examination of the record and the questioning of counsel when they appeared for argument disclosed an insuperable jurisdictional obstacle first raised by a special defense properly pleaded in the trial court by the defendant the Secretary of the State. Under the circumstances, and the lack of jurisdiction appearing obvious, this court announced from the bench its decision that the trial court was without jurisdiction to render the declaratory judgment which it did and that an opinion would subsequently be filed setting forth the reasons for the decision. This is that opinion.

The mandamus actions were technically brought in the name of the state's attorney for Fairfield County. Aside from his technical appearance, the only parties to the actions were the two plaintiffs, the town clerk of the town of New Canaan and the Secretary of the State. It does not appear that any other person was made a party to the actions or was given notice of the pendency of the complaints despite the allegation of the complaints that the plaintiffs were the nominees of the Democratic caucus of New Canaan and that "the rights . . . of the electorate of New Canaan under the laws and Con-

stitution of the United States and laws of the State of Connecticut" were involved in the litigation before the court.

As noted, the jurisdictional requirement of a notice to or joinder as parties of all persons having an interest in the subject matter of a complaint for a declaratory judgment was expressly raised in the trial court by the special defense pleaded by the Secretary of the State. This defense specifically pleaded the provisions of § 309 of the Practice Book. As recently as *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 383, 260 A.2d 596, we again fully discussed this jurisdictional requirement in the following language which is hardly subject to misinterpretation: "Practice Book § 309 specifically provides that '[t]he court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.' 'We have consistently stressed that strict observance of this jurisdictional requirement is necessary.' *Sloane-Wheeler Corporation* v. *Odiseos,* 154 Conn. 705, 707, 226 A.2d 508. Among the multitude of recent cases repeating and reemphasizing this requirement, see *Knights of Columbus Council* v. *Mulcahy,* 154 Conn. 583, 585, 227 A.2d 413; *DeDominicis* v. *Cornfield Point Assn.,* 154 Conn. 504, 505, 227 A.2d 89; *Manafort Bros., Inc.* v. *Kerrigan,* 154 Conn. 112, 114, 222 A.2d 218. As this court said in *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841: 'This rule is not merely a procedural regulation. It is in recognition and implementation of the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard. We

had recent occasion to reiterate with approval in *Winick* v. *Winick,* 153 Conn. 294, 298, 216 A.2d 185, the words of this court in *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22: "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard. This firmly fixed limitation, which, in effect if not technically in all cases, is a jurisdictional one, is as binding in English practice as it is with us. It is a principle safe from the reach of attack by remedial legislation because of its sound constitutional basis." ' 'The plaintiffs' right to seek a declaratory judgment involves the jurisdiction of the court to entertain the action and may be raised at any time. *Riley* v. *Liquor Control Commission,* 153 Conn. 242, 248, 215 A.2d 402; *McGee* v. *Dunnigan,* 138 Conn. 263, 268, 83 A.2d 491.' *Rothkopf* v. *Danbury,* 156 Conn. 347, 352, 242 A.2d 771. Even though the question of the jurisdiction of the trial court to entertain the action has not been raised in or considered by the trial court, since it is jurisdictional it must be considered on appeal. *Tellier* v. *Zarnowski,* 157 Conn. 370, 373, 254 A.2d 568; see *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208."

We have consistently insisted on a strict observance of this rule. In addition to the cases already cited, see *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683; *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 270, 205

A.2d 774; *Brewster* v. *Brewster,* 152 Conn. 228, 236, 206 A.2d 106; *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 658, 201 A.2d 654; *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 77, 193 A.2d 493; *Adams* v. *Greenwich Water Co.,* 138 Conn. 205, 217, 83 A.2d 177; *Fisher* v. *Kallenbach,* 135 Conn. 147, 149, 62 A.2d 336; *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A.2d 308.

As we noted in *Benz* v. *Walker,* 154 Conn. 74, 78, 221 A.2d 841, quoting from *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 484, 196 A. 344, when the persons having a direct interest in the subject matter of a declaratory judgment action "are reasonably within the reach of process and are not so numerous that it would impose an unreasonable burden upon the plaintiff they should be made parties; but if they or some of them are not reasonably available for service or to summon them or all of them into the action would put upon the plaintiff a burden he ought not fairly to be asked to assume, the provision for reasonable notice applies. The plaintiff may often accomplish the purpose intended by making parties defendant some of the other persons affected as representing all and securing authority from the court for them to defend in behalf of all. General Statutes [Rev. 1930], § 5519 [now General Statutes § 52-105]. Unless all persons who are interested in the subject-matter complained of are made parties, the plaintiff should apply to the court for such an order of notice to all those interested as would constitute reasonable notice to them."

Since it clearly appears that there was a failure on the part of the plaintiffs to comply with the jurisdictional requirements of notice to or joinder of

necessary parties as spelled out in Practice Book § 309 (d), on the state of the record at the time judgment was rendered the court lacked jurisdiction to entertain the plaintiffs' claims on their merits and the claim for a declaratory judgment should have been dismissed for lack of jurisdiction.

As already noted, the plaintiffs' petition for an expedited appeal was filed in reliance on both General Statutes § 52-265a and Practice Book § 762 and this court acting under the provisions of § 762 suspended the operation of some of the standard rules for appellate procedure to afford an early hearing of the appeal. It seems pertinent to indicate why this course of action rather than that prescribed by General Statutes § 52-265a was followed.

Section 52-265a provides that when an action involves a matter of substantial public interest and in which delay may work a substantial injustice, an appeal may be taken to this court within two weeks after the order or decision from which the appeal is taken. On such an appeal, the chief justice shall within one week rule whether the two conditions in fact exist and if he so certifies he shall call a special session of the Supreme Court to hear the appeal and "make orders" to expedite the appeal, including orders specifying the manner in which the record on appeal may be prepared. In effect, the statute purports to authorize a single justice of the Supreme Court to adopt a rule of appellate procedure and to suspend or vary the rules of appellate procedure adopted by the full bench of the Supreme Court. It can no longer be doubted that the General Assembly lacks any power to make rules of administration, practice or procedure which are binding on either the Supreme Court or the Superior Court, which are constitutional courts. *Adams* v. *Rubinow*, 157 Conn.

150, 156, 251 A.2d 49; *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 140 A.2d 863; *In re Appeal of Dattilo,* 136 Conn. 488, 72 A.2d 50; *Brown* v. *O'Connell,* 36 Conn. 432, 446. It follows that, at best, the power of the legislature to vest in a single judicial officer authority to exercise a power which the legislature itself cannot constitutionally exercise is open to serious question.

Following the enactment by the legislature of § 52-265a the Supreme Court amended the general provisions relating to its rules by adding to § 762 of the Practice Book the following provision: "In the interest of expediting decision, or for other good cause shown, the supreme court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction." Implicit in the adoption of this amendment to the appellate rules of procedure is a recognition of the possible constitutional infirmity of the statute and the intention of this court to accomplish the purpose of the statute by the adoption of a rule which, unlike the statute, is not subject to attack on constitutional grounds. In addition to the present case, the court has previously considered under the provisions of the amended rule applications for an expedited appeal and concomitant variation in standard appellate procedure. See *Miller* v. *Volkswagenwerk, A.G.,* 159 Conn. 637, 268 A.2d 248; *Southern Connecticut Gas Co.* v. *Public Utilities Commission,* 158 Conn. 666, 259 A.2d 648; *Lee* v. *Marshall,* 158 Conn. 653, 258 A.2d 309. To avoid an attack on constitutional grounds, applications for an expedited appeal or for the suspension of any requirement of appellate procedure should be made to the Supreme Court under the provisions of Prac-

tice Book § 762 as amended rather than pursuant to the provisions of § 52-265a of the General Statutes.

There is error in the declaratory judgment of the trial court and the cases are remanded with direction to dismiss the complaints claiming such judgments.

In this opinion the other judges concurred.