THOM SERRANI *v.* BOARD OF ETHICS OF THE CITY OF STAMFORD
(14570)

PETERS, C. J., BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued January 5—decision released April 6, 1993

*James R. Fogarty,* with whom was *Carolyn W. Alexander,* for the appellant (plaintiff).

---

*Thomas F. Maxwell, Jr.*, with whom were *Laura P. O'Connor* and, on the brief, *Linda R. Pesce*, law student intern, for the appellee (defendant).

PER CURIAM. The substantive issue in this appeal is whether the expiration of a public employee's term of office divests a municipal board of ethics of the authority to continue an investigation into alleged official misconduct during the term of public employment. The plaintiff, Thom Serrani, brought an action for declaratory and injunctive relief to prevent the defendant, the board of ethics of the city of Stamford, from exercising continuing jurisdiction to investigate his conduct during his expired term of office as mayor. The trial court, after an evidentiary hearing, denied the plaintiff's application for a temporary injunction. The plaintiff then moved the court to render judgment in favor of the defendant. Despite the defendant's objection, the trial court granted the plaintiff's motion. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). Because we conclude that the trial court did not have jurisdiction to render a judgment on the present record, we reverse and remand the case for further proceedings.

The procedural history of this case is undisputed. As the trial court observed in its memorandum of decision denying the plaintiff's application for a temporary injunction, the plaintiff's complaint sought injunctive relief as part of a claim for a declaratory judgment.[1]

---

[1] The plaintiff's substitute request for relief expressly seeks a declaratory judgment. It requests: "1. A declaratory judgment determining that the Defendant lacks jurisdiction over the Plaintiff;

"2. A declaratory judgment determining that § 15 of the Code of Ethics of the City of Stamford is illegal to the extent that it purports to authorize

After the trial court's denial of the temporary injunction, the plaintiff moved the trial court to render judgment in favor of the defendant. The plaintiff represented to the court that he had no further evidence or argument to offer to advance his claim that § 15 of the Stamford Municipal Code of Ethics[2] is unenforceable in the circumstances of his case. Although the defendant objected, seeking the opportunity to bolster further its arguments to sustain the validity of § 15, the trial court granted the plaintiff's motion and rendered judgment for the defendant.[3]

the Defendant's continued jurisdiction over former employees or officers of the City of Stamford;

"3. A declaratory judgment declaring null and void the action of the Defendant taken on February 29, 1992, purporting to continue jurisdiction over the Plaintiff;

"4. A declaratory judgment declaring null and void any and all action of the Defendant taken subsequent to February 29, 1992, purporting to render a decision and/or finding of facts regarding the Plaintiff;

"5. A temporary and permanent injunction enjoining the Defendant and its members, agents and employees from exercising or purporting to exercise jurisdiction over the Plaintiff;

"6. Such other and further relief in law or equity as the Court deems appropriate."

[2] Section 15 of the Stamford Municipal Code of Ethics, Stamford Code of Ordinances No. 640 Sup. (1989), provides: "JURISDICTION If an officer or employee under investigation leaves office, or employment, the Board by a majority vote shall have the power to continue the investigation."

On February 29, 1992, the defendant voted, by the requisite majority, to continue investigation of the official conduct of the plaintiff after the expiration of his term as mayor.

[3] The plaintiff filed the motion for judgment on April 13, 1992. Also on that day, he filed an amended complaint containing a substitute request for relief in response to the defendant's April 10, 1992 request to revise the plaintiff's complaint. The plaintiff also filed an application to the chief justice for certification to appeal pursuant to General Statutes § 52-265a, which was denied by Associate Justice David M. Shea on April 14, 1992.

On April 22, 1992, when the motion for judgment was granted, the defendant had not yet filed an answer to the complaint. The pleadings were, therefore, not closed. In response to an inquiry by this court about the jurisdictional consequences of the fact that the pleadings had not been closed; see *Pendiman Corporation* v. *White Oak Corporation,* 195 Conn. 393, 397–98, 488 A.2d 449 (1985); *Doublewal Corporation* v. *Toffolon,* 195 Conn.

A declaratory judgment action was the proper way to raise the plaintiff's challenge to the validity of § 15 of the Stamford Municipal Code of Ethics, which purports to authorize the defendant, upon an affirmative vote, to exercise continued jurisdiction over officials after they have left municipal office. See *Bombero* v. *Planning & Zoning Commission,* 218 Conn. 737, 742–43, 591 A.2d 390 (1991). The jurisdiction of the trial court over declaratory judgment actions depends upon compliance with the notice requirement of Practice Book § 390 (d). That section provides in relevant part: "The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint . . . have reasonable notice thereof." Failure to comply with § 390 (d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. See, e.g., *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation,* 215 Conn. 224, 229, 575 A.2d 693 (1990); *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841 (1966). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Internal quotation marks omitted.) *In re Judicial Inquiry No. 85-01,* 221 Conn. 625, 629, 605 A.2d 545 (1992); Practice Book §§ 143, 145.

Because neither the Supreme Court record nor the trial court file disclosed compliance with § 390 (d), this court asked the parties for clarification. Without conceding the existence of any jurisdictional difficulty, the plaintiff offered to effect a cure by withdrawing his sec-

384, 391–92, 488 A.2d 444 (1985); the defendant at oral argument waived its objection to appellate consideration of the merits of the plaintiff's substantive claim. We need not, in this case, decide the effectiveness of such a waiver.

ond request for declaratory relief,[4] thereby purporting to limit his claim to one directly addressing only his own right to relief from the defendant's continued exercise of investigatory authority after his departure from mayoral office.

We need not decide whether a partial withdrawal of the plaintiff's complaint, if it had predated the purported rendering of a final judgment in this case, would have allowed him to bypass the notice requirements for a declaratory judgment. The lack of subject matter jurisdiction to render a final judgment cannot be cured retrospectively. *Circle Lanes of Fairfield, Inc.* v. *Fay,* 195 Conn. 534, 540, 489 A.2d 363 (1985). The judgment presently on appeal must, therefore, be set aside.

Our conclusion that the trial court lacked subject matter jurisdiction to render its declaratory judgment does not, however, require a dismissal of the plaintiff's action on remand. A jurisdictional defect relating to notice can be remedied in any of the ways noted in *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation,* supra, 230.[5] Notably, the plaintiff may ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascer-

---

[4] See footnote 1.

[5] Our decision in *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation,* 215 Conn. 224, 230, 575 A.2d 693 (1990), that a trial court may entertain procedural efforts to cure a jurisdictional defect with regard to the giving of notice under Practice Book § 390 finds support in the language of the Practice Book provision. Section 390 explicitly states that the "court will *not render declaratory judgments* upon the complaint of any person . . . unless all persons having interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." (Emphasis added.) Unlike other jurisdictional defects implicating the trial court's subject matter jurisdiction, therefore, the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement. To the extent that *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 528, 531, 290 A.2d 327 (1971), is to the contrary, it is overruled.

tain. Once there has been compliance with § 390 (d),[6] the trial court will have plenary authority to render whatever judgment it then deems appropriate. Id.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

BERDON, J., dissenting. The majority remands this case to the trial court on the basis of a hypertechnical application of our subject matter jurisdiction.

The issue that both parties urge us to decide today is a pure question of law—that is, whether the defendant board of ethics of the city of Stamford retains jurisdiction to investigate alleged official misconduct after the official in question has left municipal office. The underlying controversy dates back to 1990, when the board of ethics began holding informal hearings to determine whether there was probable cause to believe that the plaintiff, Thom Serrani, then mayor of Stamford, had violated the city's code of ethics by purchasing equipment through bid waiver rather than public bids.

I believe that Serrani, the board of ethics and, most importantly, the people of Stamford are entitled to an expeditious determination of whether the board continues to have jurisdiction to investigate the former mayor. The majority refuses to make this determination. Instead, they insist upon pursuing the jurisdictional question, even though both parties urge us to reach the merits and there is no factual basis for concluding that there was insufficient notice for the declaratory judgment.

First, let me indicate those matters upon which the majority and I agree. It is true that "unless all persons having an interest in the subject matter of the com-

---

[6] Presumably the trial court will also ascertain that the pleadings have been closed. See footnote 3.

plaint are parties to the action or have reasonable notice thereof"; Practice Book § 390 (d); the court does not have subject matter jurisdiction. E.g., *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation,* 215 Conn. 224, 229, 575 A.2d 693 (1990). Subject matter jurisdiction cannot be waived. E.g., Practice Book § 145; *In re Judicial Inquiry No. 85-01,* 221 Conn. 625, 629, 605 A.2d 545 (1992). Lack of subject matter jurisdiction can be raised on appeal for the first time by the parties or the court. *Lo Sacco* v. *Young,* 210 Conn. 503, 508, 555 A.2d 986 (1989).

In this case, the court raised the issue on its own. The plaintiff responded that notice was given by serving the complaint on the only two nonparties who might be affected even indirectly, namely, the city of Stamford and Thomas Canino.[1] The defendant does not contest this. What more does the court require? The majority does not identify anyone who has not been, but should have been made a party or given notice. Clearly, unless it is patently deficient, we should rely upon the adversary system for the predicate facts, even where subject matter jurisdiction is concerned.

Although notice to persons or entities who might be affected by a judgment is important for due process reasons, there are practical limitations dictated by reasonableness. "In any common law system of adjudication, rules of general application are established through litigation between private parties. Should due process require those parties to give notice to the world that they are in litigation over an important legal issue or lose the right to bring their dispute to court, the judicial process would be burdened with a requirement which may be costly, heretofore unnecessary, and in

---

[1] Canino is another former employee of the city of Stamford against whom charges were pending before the board of ethics.

some cases impossible to fulfill." 2 E. Stephenson, Connecticut Civil Procedure (C. Tait, J. Daly & P. Adomeit, Sup. 1976) p. 74.

In the past, this court has been inconsistent in its holdings on declaratory judgment jurisdiction. For example, in *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 522–23, 290 A.2d 327 (1971), the plaintiffs sought a declaratory judgment that a statute prohibiting citizens under age twenty-one from holding municipal office was unconstitutional. The trial court rendered a declaratory judgment upholding the statute's validity. Id., 524. Upon finding that the plaintiffs had failed to comply with the notice requirement for declaratory judgment jurisdiction, this court remanded the case to the trial court with direction to dismiss the declaratory judgment claim. Id., 529, 531. In contrast, in *Knights of Columbus Council No. 3884* v. *Mulcahy,* 154 Conn. 583, 586, 227 A.2d 413 (1967) (appeal of a declaratory judgment that a statute prohibited bingo on Sunday and was constitutional), this court proceeded to the merits even though the record failed to disclose whether interested parties existed who might be affected by the judgment. In *Knights of Columbus Council No. 3884,* this court merely noted the jurisdictional problem and held that "any declaratory judgment rendered in this case must be limited solely to the effect of the statute on the activity conducted by the plaintiff." Id.[2]

It has been suggested by legal scholars that these inconsistencies result from an unrealistically broad defi-

---

[2] Although I do not agree with the majority, I must concede that they take a more sensible route by ordering a remand for further proceedings rather than dismissing the action. Indeed, I applaud footnote 5 of the majority opinion, which finally puts to rest the anachronistic decision in *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 528, 531, 290 A.2d 327 (1971). Nevertheless, even if there was a notice problem (and I do not agree that there is in this case), I would merely inquire of the trial court whether a finding could be made that notice has been satisfied. If so, I would go on to decide the merits of the case.

nition of interested parties. "[A]n analysis of what the Connecticut Supreme Court is in fact doing reveals that in some cases, notice requirements of utmost strictness are imposed and enforced with rigor; and in other cases, they are not imposed, or even mentioned, with no explanation for the difference in treatment. We believe that the cause of the problem is in the court's expanded definition of what constitutes an interested person. The Court could eliminate the difference between the theory and the practice by relaxing the definition of interested persons, to include only those directly and immediately affected by the operation of the judgment in the individual case." 2 E. Stephenson, supra, pp. 75–76.

Nevertheless, the parties argue that if this court is not satisfied that the appropriate notice has been given, the plaintiff should be allowed to withdraw the declaratory judgment claim. This would leave the final judgment on the permanent injunction, over which we clearly have jurisdiction. The majority, however, rejects this approach.

To justify this rejection, the majority first indicates that the claim for a permanent injunction was merely collateral to the claim for a declaratory judgment. I do not read the prayer for relief in that manner, nor does either party advocate such a reading.[3]

The majority next indicates that the issue in this appeal is properly raised through an action for declaratory judgment, suggesting that this is the exclusive manner of raising it. Although a declaratory judgment action is appropriately employed to construe an ordinance; e.g., *West Haven* v. *Impact,* 174 Conn. 160, 384 A.2d 353 (1978); or to determine the constitutionality of an ordinance; e.g., *Horwitz* v. *Waterford,* 151 Conn.

[3] See footnote 1 of the majority opinion.

320, 197 A.2d 636 (1964); the parties are not precluded from raising such an issue by means of an action for an injunction. E.g., *Manchester Sand & Gravel Co.* v. *South Windsor,* 203 Conn. 267, 524 A.2d 621 (1987) (action to enjoin the town from enforcing an ordinance).

Accordingly, I would hold that we have subject matter jurisdiction because those persons or entities who will be directly and immediately affected have either been made parties or been given notice. In the alternative, I would allow the plaintiff to withdraw his claim for a declaratory judgment and thereupon decide the matter on the claim for a permanent injunction. In either case, we should reach the merits of the issue presented to us by the parties in deference to the public interest and the substantial legal costs incurred by the parties.

Accordingly, I dissent.