[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#106)
CT Page 12919
The plaintiff, BRT Property Group, commenced this declaratory judgment action on July 6, 1994 against the defendant, Willow Springs Condominium Association, Inc. In a one count complaint the plaintiff, a Connecticut partnership owning 62 units at the Willow Springs Condominium Complex, alleges that the defendant condominium association failed to comply with the Declarations and By-Laws of the Condominium by assessing all non-resident unit owners for additional costs incurred due to an insurance premium increase. The plaintiff also alleges that the defendant violated Section 47-257(c) of the General Statutes in that the cost was not assessed in proportion to the risk. As a result of the assessment, the plaintiff alleges that it is or may be obligated to pay additional costs that are not allocated to all of the units of the complex. In addition to seeking declaratory relief that the assessment is in violation of the Condominium's Declaration and By-laws, the plaintiff also seeks temporary and permanent injunctive relief enjoining the defendants from collecting the assessments or charges. On July 25, 1994 the court (Pickett, J.) denied the defendant's application for a temporary injunction.
On July 27, 1994 the defendant filed a motion to dismiss this action with a supporting memorandum of law. On August 1, 1994 the plaintiff filed an amended complaint, to which the defendant objected. The court (Pickett, J.) sustained the defendant's objection to the plaintiff's amended complaint on August 15, 1994. On August 8, 1994 the plaintiff timely filed a memorandum in opposition to the defendant's motion to dismiss.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings belong." LeConche v. Elligers, 215 Conn. 701, 709,579 A.2d 1 (1990). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v.Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987). "It is axiomatic that once the issue of subject matter CT Page 12920 jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, supra 545. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement forward is necessarily the exercise of jurisdiction." BaldwinPiano Organ Co. v. Blake, 186 Conn. 295, 297, 441 A.2d 183
(1982).
The defendant argues that the court lacks subject matter jurisdiction because the plaintiff failed to comply with Practice Book Section 390(d) by failing to make parties of or to give reasonable notice to all parties having an interest in the subject matter of the complaint. The defendant argues that other unit owners in the condominium would have an interest in the subject matter of the complaint, but they were neither made parties nor given reasonable notice of this action.
The plaintiff argues that since it filed an amended complaint within thirty days of the return date, the amended complaint is the controlling pleading. The amended complaint does not contain a request for declaratory relief.
The plaintiff's argument that the amended complaint is controlling is without merit. On August 1, 1994 the plaintiff did in fact file an amended complaint which contained no requests for declaratory relief, but instead sought compensatory damages. The defendant, however, objected to the plaintiff's amended complaint, arguing that the court must first entertain the motion to dismiss for lack of subject matter jurisdiction prior to allowing any amendment to the complaint. The court (Pickett, J.) sustained the defendant's objection. The plaintiff's original complaint, therefore, is presently before the court.
Practice Book Sec. 390(d) provides that "[t]he court will not render declaratory judgments upon the complaint of any person . . . unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book Sec. 390(d). "Failure to comply with 390(d) deprives the court of subject matter jurisdiction to render a declaratory judgment." Serrani v. Boardof Ethics, 225 Conn. 305, 308, 622 A.2d 1009 (1993), citingConnecticut Ins. Guaranty Assn. v. Raymark Corp. , 215 Conn. 224,229, 575 A.2d 693 (1990). The Supreme Court in Serrani held that although the trial court lacked subject matter jurisdiction to CT Page 12921 render a declaratory judgment, a dismissal of the plaintiff's action was not required on remand. Serrani v. Board of Ethics, supra 309. The court stated:
 A jurisdictional defect relating to notice can be remedied in any of the ways noted in Connecticut Ins. Guaranty Assn. v. Raymark Corporation, supra, 230. Notably, the plaintiff may ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascertain. Once there has been compliance with Sec. 390(d), the trial court will have plenary authority to render whatever judgment it then deems appropriate. Id.
Serrani v. Board of Ethics, supra, 309-10. The court noted that "[u]nlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." Id., 309 n. 5. The court also overruled State ex rel. Kelman v. Schaffer, 161 Conn. 522,528, 531, 290 A.2d 327 (1971), "[to] the extent that [it] is contrary." Serrani v. Board of Ethics, supra, 309 n. 5.
The court followed the principle set forth in Serrani in the case of Dawson v. Farr, 227 Conn. 780, 632 A.2d 41 (1993). InDawson, the trial court dismissed the defendant's counterclaim, which sought declaratory relief, on the premise, inter alia, that the defendants failed to comply with the notice provisions of Practice Book Sec. 390(d). Id., 783. Reversing the trial court's decision, the Supreme Court stated that "[e]ven if the far-reaching consequences of the defendants' counterclaim would require notice to be given to interested persons in addition to the immediate parties to this litigation, the court should have considered the possibility of an appropriate order of notice instead of dismissal of the defendants' counterclaim." Id.
In this action, a fair reading of the plaintiff's complaint indicates that there are other persons who have an interest in its subject matter. For example, other non-resident unit owners would have an interest in the outcome of this declaratory judgment action, since the outcome may effect whether they are required to pay the assessment. The plaintiff's complaint does not indicate whether or not there are other non-resident unit owners, but it CT Page 12922 does state that the defendant was assessing all non-resident unit owners, suggesting there are others. Additionally, other unit owners would have an interest because the outcome of this declaratory judgment action may have an impact on whether or not they are required to pay for the increased insurance costs. The defendant is not the only person who has an interest in the outcome of this matter. There is no evidence that the plaintiff has given notice of this action to any party besides the defendant. Since there are other persons who have an interest who are not parties and have not received reasonable notice, the court does not have jurisdiction to render a declaratory judgment. Practice Book Sec. 390(d). Under the reasoning of Serrani and Dawson, however, the dismissal of the plaintiff's complaint is not required since the jurisdictional defect can be remedied by the plaintiff. Serrani v.Board of Ethics, supra, 225 Conn. 309-310; Dawson v. Farr, supra,227 Conn. 783. The plaintiff may remedy the jurisdictional defect by the ways listed in Serrani and the cases cited therein. Serraniv. Board of Ethics, supra; Dawson v. Farr, supra, 783 n. 2. Until the plaintiff does so and complies with the notice requirements of Sec. 390(d), the court will not have jurisdiction to render a declaratory judgment.
For these reasons, the defendant's motion to dismiss should be denied. held that although the trial court lacked subject matter jurisdiction to render a declaratory judgment, a dismissal of the plaintiff's action was not required on remand. Serrani v. Board ofEthics, supra 309. The court stated:
 A jurisdictional defect relating to notice can be remedied in any of the ways noted in Connecticut Ins. Guaranty Assn. v. Raymark Corporation, supra, 230. Notably, the plaintiff may ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascertain. Once there has been compliance with Sec. 390(d), the trial court will have plenary authority to render whatever judgment it then deems appropriate. Id.
Serrani v. Board of Ethics, supra, 309-10. The court noted that "[u]nlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." Id., 309 n. 5. The court CT Page 12923 also overruled State ex rel. Kelman v. Schaffer, 161 Conn. 522,528, 531, 290 A.2d 327 (1971), "[to] the extent that [it] is contrary." Serrani v. Board of Ethics, supra, 309 n. 5.
The court followed the principle set forth in Serrani in the case of Dawson v. Farr, 227 Conn. 780, 632 A.2d 41 (1993). InDawson, the trial court dismissed the defendant's counterclaim, which sought declaratory relief, on the premise, inter alia, that the defendants failed to comply with the notice provisions of Practice Book Sec. 390(d). Id., 783. Reversing the trial court's decision, the Supreme Court stated that "[e]ven if the far-reaching consequences of the defendants' counterclaim would require notice to be given to interested persons in addition to the immediate parties to this litigation, the court should have considered the possibility of an appropriate order of notice instead of dismissal of the defendants' counterclaim." Id.
In this action, a fair reading of the plaintiff's complaint indicates that there are other persons who have an interest in its subject matter. For example, other non-resident unit owners would have an interest in the outcome of this declaratory judgment action, since the outcome may effect whether they are required to pay the assessment. The plaintiff's complaint does not indicate whether or not there are other non-resident unit owners, but it does state that the defendant was assessing all non-resident unit owners, suggesting there are others. Additionally, other unit owners, would have an interest because the outcome of this declaratory judgment action may have an impact on whether or not they are required to pay for the increased insurance costs. The defendant is not the only person who has an interest in the outcome of this matter. There is no evidence that the plaintiff has given notice of this action to any party besides the defendant. Since there are other persons who have an interest who are not parties and have not received reasonable notice, the court does not have jurisdiction to render a declaratory judgment. Practice Book Sec. 390(d). Under the reasoning of Serrani and Dawson, however, the dismissal of the plaintiff's complaint is not required since the jurisdictional defect can be remedied by the plaintiff. Serrani v. Board ofEthics, supra, 225 Conn. 309-310; Dawson v. Farr, supra,227 Conn. 783. The plaintiff may remedy the jurisdictional defect by the ways listed in Serrani and the cases cited therein. Serraniv. Board of Ethics, supra; Dawson v. Farr, supra, 783 n. 2. Until the plaintiff does so and complies with the notice requirements of Sec. 390(d), the court will not have jurisdiction to render a CT Page 12924 declaratory judgment.
For these reasons, the defendant's motion to dismiss should be denied.
PICKETT, J.