[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118)
The plaintiff, BRT Property Group, commenced this action as a declaratory judgment action on July 6, 1994 against the defendant, Willow Springs Condominium Association, Inc. In the original single count complaint the plaintiff, a Connecticut partnership owning 62 units at the Willow Springs Condominium Complex, alleged that the defendant condominium associated failed to comply with the Declarations and By-Laws of the Condominium by assessing all nonresident unit owners for additional costs incurred due to an insurance premium increase. The plaintiff also alleged that the defendant violated General Statutes § 47-257(c) in that the cost was not assessed in proportion to the risk. As a result of the assessment, the plaintiff claims that it is or may be obligated to pay additional costs that are not allocated to all of the units in the Willow Springs Condominium Complex. The plaintiff's original complaint sought a declaratory judgment that the assessment was in violation of the Condominium's declaration and by-laws and also sought a temporary and permanent injunction enjoining the defendants from collecting the assessments or charges. On July 25, 1994, this court, (Pickett, J.), denied the defendant's application for a temporary injunction.
The defendant filed a motion to dismiss the action on July 17, 1994 claiming that the plaintiff failed to give notice to all parties having an interest in the subject matter of the complaint and therefore did not comply with the requirements of Practice Book § 390(d) governing declaratory judgment actions. On December 13, 1994, this court, (Pickett, J.), denied the motion to dismiss providing the plaintiff with the opportunity to give notice to all parties in keeping with the ruling of the Supreme Court in Serrani v. Board of Ethics, 225 Conn. 305, 309,622 A.2d 1009 (1993) (held that although the trial court lacked subject matter jurisdiction to render a declaratory judgment, a dismissal of the plaintiff's action was not required on remand as there were ways to remedy the notice defect).
The plaintiff filed a motion for permission to amend the complaint and an amended complaint on January 6, 1995. The court, (Pickett, J.), granted the motion to amend. The amended complaint, which the defendant now moves to strike, no longer seeks a declaratory judgment and instead seeks monetary damages. CT Page 12922 The amended complaint sets forth the same allegations as the original complaint in that it alleges that the defendant condominium association failed to comply with declarations and by-laws of the Condominium by assessing all resident unit owners for additional costs incurred due to an insurance premium increase. The plaintiff also alleged that defendant violated General Statutes § 47-257(c) in that it was not assessed in proportion to the risk. As a result of assessment, the plaintiff claims that it is or may be obligated pay additional costs that are not allocated to all of the units in the Willow Springs Condominium Complex. The amended complaint, at paragraph nine, alleges that the plaintiff has sustained damages as a result of the declaration, by-law and statutory violations. As already stated, the plaintiff is no longer seeking a declaratory judgment but instead seeks money damages.
As required by practice book § 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition.
"Whenever any party wishes to contest . . . (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or anyone or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Citations omitted.) S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. . . ." (Citations omitted.) RK Constructors, Inc. v.Fusco Corp. , 231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts CT Page 12923 alleged. . . ." (Citations omitted.) Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215.
The defendant argues that the amended complaint fails to state a claim for which relief can be granted because the complaint does not comply with Practice Book § 390(b) in that the action does not present an actual bona fide and substantial question or issue in dispute. This argument, however, is unavailing because this court granted the plaintiff's motion to amend the complaint which makes the claim presently before this court one seeking monetary damages and not declaratory relief. Therefore, the arguments raised by the defendant regarding declaratory judgment do not address the plaintiff's claim.
The defendant also argues that the prayer for relief does not specifically state that declaratory judgment is desired and that the complaint should be stricken for failure to comply with Practice Book § 391(b) which requires a prayer for relief in a declaratory judgment action to "state with precision the declaratory judgment desired." Again, this argument addresses a claim no longer being made by the plaintiff. The defendant citedHurley Co. v. Bankers Life Casualty Co., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 061986 (9 Conn. L. Rptr. 313, June 21, 1993, Pickett, J.) for the proposition that the plaintiff's action "amounts to nothing more than a standard civil action for damages thinly disguised as a declaratory judgment suit and is therefore improper and it should be stricken." This case is distinguishable from Hurley Co. v.Bankers Life Casualty Co., supra, because in Hurley the plaintiff's complaint specifically sought declaratory relief in the first count of the complaint. The plaintiff's amended complaint in the present action, however, no longer seeks a declaratory judgment.
The defendant further contends that the court must make a declaration as to the propriety of the assessment as it affects all of the unit owners. The defendant therefore argues that the complaint seeks a declaration that the assessment in its entirety is improper without complying with the procedural requirements of a declaratory judgment action. The defendant is correct in the sense that the fact finder will be required to determine if the assessment violated the declaration and by-laws, as well as the General Statutes. This does not mean, however, that the monetary damages claimed by the plaintiff can not be assessed. The fact finder need not consider the propriety of the assessment as it CT Page 12924 affects all the unit owners, it need only consider the propriety of the assessment in terms of the party before it. As argued by the plaintiff, BRT is not seeking to represent all the unit owners affected by the assessment, it seeks only to represent its own interest.
Additionally, the defendant claims that the damages in this case are speculative in that the plaintiff's complaint states only that it is or may be obligated to pay extra assessments on the 62 units it owns but does not state that it has been damaged. As argued by the plaintiff, paragraph nine, of the amended complaint, specifically states that the plaintiff has suffered damages and the claim for relief is for money damages. If the plaintiff can not show that it suffered any actionable harm in that no additional assessment was paid, the defendant will prevail but that is not a question for resolution on a motion to strike and is better left for summary judgment or a trial on the merits.
For the foregoing reasons, the motion to strike is denied.
PICKETT, J.