[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On March 24, 1995, the plaintiff, Dr. Lee Sataline, filed a complaint against the defendants, Bradley Memorial Hospital and Health Center and Clarence Silvia, President and C.E.O., seeking a declaratory judgment as to (1) whether the defendants' conduct set forth in the plaintiff's complaint was and continues to be ultra vires, unauthorized, and therefore null and void; (2) whether, if the defendants' conduct was and is ultra vires, unauthorized, null and void, all evidence of such disciplinary action heretofore taken against the plaintiff should be destroyed; and (3) whether defendants are required to abide by the Regulations of Connecticut State Agencies governing hospitals, and the medical staff bylaws adopted by the medical staff and established by the hospital board, in any and all future actions taken by the defendants with respect to complaints involving plaintiff's conduct or professional performance. Incorporated by reference in the plaintiff's complaint is a letter from the plaintiff to Letterio Ascuito, M.D., dated CT Page 7815 April 11, 1994 (Exhibit A); a letter from Clarence Silvia to Dr. Lee Sataline, dated May 31, 1994 (Exhibit B); and a copy of the medical staff bylaws of the Bradley Memorial Hospital and Health Center (Exhibit C).
On April 28, 1995, the defendants filed a motion to dismiss, accompanied by a supporting memorandum of law, on the ground that the plaintiff lacks standing to bring or maintain this action, thereby depriving the court of subject matter jurisdiction. On May 8, 1995, the plaintiff filed an objection to the defendants' motion to dismiss, accompanied by a certified copy of Special Act #139, AnAct Incorporating the Hospital Corporation of Southington. On May 15, 1995, the defendants filed a reply memorandum to the plaintiff's objection to the defendants' motion to dismiss, accompanied by copies of General Statutes §§ 33-292 and 33-429 (Exhibit A); the Bylaws of the Bradley Memorial Hospital Corporation (Exhibit B); and an amended certificate of incorporation of the Bradley Memorial Hospital Corporation (Addendum: Exhibit B.)
The facts alleged in the plaintiff's complaint are as follows: that the plaintiff is the Chief of the Gastroenterology Section of the Department of Medicine at the Bradley Memorial Hospital and Health Center; that on February 25, 1994, the plaintiff received a letter from the hospital's attorney, Roland F. Young III, Esq., regarding an investigation of a sexual harassment claim against the plaintiff by a hospital employee; that on March 15, 1994, Young requested an interview with the plaintiff to discuss the continuing investigation of the alleged claim; that on April 5, 1994, Young informed the plaintiff of the alleged receipt by a hospital employee, on November 16, 1993, of an envelope containing a perfume sample, and on February 14, 1994, of an anonymous valentine containing a photograph of two cows kissing; that on May 31, 1994, the plaintiff received a "Written Notification Regarding Sexual Harassment" stating BMH's conclusion that the aforementioned conduct constituted sexual harassment of a hospital employee, and further stating BMH's intention to seek further disciplinary action through the medical staff and to notify the appropriate human rights agencies should any further material of an intimidating, hostile or offensive nature be sent to the complainant or to any other hospital employee at any future time.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard CT Page 7816 by the court." (Citations omitted; emphasis omitted; internal quotation marks omitted,) Gurliacci v. Mayor, 218 Conn. 531, 544,590 A.2d 914 (1991).
A lack of subject matter jurisdiction is a sufficient basis for a motion to dismiss. Practice Book § 143; see McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 517-18, 590 A.2d 438 (1991). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) Demar v. Open Space andConservation Commission, 211 Conn. 416, 423-24, 559 A.2d 1103
(1989). A lack of standing may serve as grounds for a motion to dismiss, for, "in the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadloskiv. Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993).
"Once [subject matter jurisdiction is] brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Internal quotation marks omitted.) Serraniv. Board of Ethics, 225 Conn. 305, 308, 622 A.2d 1009 (1993). When subject matter jurisdiction is at issue, every presumption favoring jurisdiction should be indulged. Miko v. Commission on HumanRights and Opportunities, 220 Conn. 192, 198, 596 A.2d 396 (1991). The motion to dismiss admits all facts well pleaded and the complaint is to be construed most favorably to the plaintiff.Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
General Statutes § 33-423 provides, in pertinent part:
 (a) A nonprofit corporation may be formed under this chapter for the conduct of any affairs or the promotion of any purpose which may be lawfully carried on by a corporation. . . .
 (c) Nothing in this chapter shall be construed to authorize a corporation formed hereunder to conduct any affairs except in compliance with any laws of this state regulating or otherwise applying to the same. The provisions of this chapter govern all corporations, but notwithstanding the provisions of this chapter, where by law special provisions are made in the case of a designated class or classes of corporations CT Page 7817 governing the corporate procedure thereof in any respect, limiting or extending the powers thereof, conditioning action upon the approval of any agency of the state, or otherwise prescribing the conduct of such corporations, such procedure, powers, action and conduct shall be governed by such special provisions whether or not such corporations are formed under this chapter.
General Statutes § 33-429 provides, in pertinent part:
 No act of a corporation . . . shall be invalid by reason of the fact that the corporation itself was without capacity or power to do such act . . . but such lack of capacity or power may be asserted: (1) In a proceeding by a member or a director against the corporation to enjoin the doing of any act or acts . . . (2) in a proceeding by the corporation, whether acting directly or through a receiver, trustee or other legal representative, or through members in a representative suit, against any incumbent or former officer or director of the corporation; (3) in a proceeding by the attorney general to dissolve the corporation or to enjoin the corporation from the conduct of unauthorized affairs.
General Statutes § 33-459 provides, in pertinent part:
 (a) Membership shall be governed by such rules of admission, retention, withdrawal and expulsion as the bylaws shall prescribe, provided all such bylaws shall be reasonable, germane to the purposes of the corporation and equally enforced as to all members.
General Statutes § 33-421 provides, in pertinent part:
 As used in this chapter, unless the context otherwise requires:
 (j) "Member" means one having membership rights in a corporation in accordance with the CT Page 7818 provisions of its certificate of incorporation or bylaws.
Section 1.02 of Article I of the bylaws of the Bradley Memorial Hospital provides, in pertinent part:
 Persons, corporations and institutions may become members of the B.M.H. Corporation by the following means:
 a. an individual, corporation or institution is placed in nomination from the B.M.H. Corporation nominating committee.
 b. A member of the board of directors may submit an individual, corporation or institution to be a member of the corporation.
Connecticut Practice Book § 390 provides that the court will not render declaratory judgments upon the complaint of any person:
 (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or
 (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.
"It is a basic principle of our law . . . that the plaintiff
must have standing in order for a court to have jurisdiction to render a declaratory judgment." (Internal quotation marks omitted.) Connecticut Association of Health Care Facilities, Inc.CT Page 7819v. Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986). "[O]ur rules of practice provide that the court will not render a declaratory judgment on the complaint of a person `unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations which requires settlement between the parties.'" Id., quoting Practice Book § 390(a). "[A] person is not entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer. . . ." Id.
"The declaratory judgment procedure consequently may be employed only to resolve a justiciable controversy where the interests are adverse, where there is an actual bona fide and substantial question in dispute or substantial uncertainty of legal relations which requires settlement." (Internal quotation marks omitted.) Horton v. Meskill, 172 Conn. 616, 627, 376 A.2d 359
(1977). A declaratory judgment action, however, "may not be utilized merely to secure advice on the law . . . or to establish abstract principles of law . . . or to secure the construction of a statute if the effect of that construction will not affect a plaintiff's personal rights." (Citations omitted; internal quotation marks omitted.) Id.
The defendants move to dismiss the present action on the ground that the plaintiff lacks standing to bring or maintain the action, thereby depriving the court of subject matter jurisdiction.
The plaintiff is not a member of the Bradley Memorial Hospital Corporation. The amending or restating certificate of incorporation filed by the Bradley Memorial Hospital and Health Center, Inc. specifically provides that: "[t]he corporation shall have but one member, BMH Corporation, which shall have the right to elect the Board of Directors in accordance with the Bylaws, and shall have all of the other rights, powers and privileges usually or by law accorded to the members of a nonstock, non-profit corporation and not conferred thereby or by the Articles of Incorporation or Bylaws upon the Board of Directors of the corporation." The plaintiff does not allege that he has been accorded membership status pursuant to § 1.02 of Article I of the bylaws of the Bradley Memorial Hospital. Therefore, the plaintiff lacks standing to bring an ultra vires claim under General Statutes § 33-429. Accordingly, the plaintiff's first claim is dismissed.
The plaintiff's second claim is contingent upon an affirmative finding with regard to claim one; thus, claim two is also dismissed CT Page 7820 for lack of standing.
The plaintiffs third claim seeks a declaratory judgment to determine "[w]hether the defendants are required to abide by the Regulations of Connecticut State Agencies governing hospitals and the medical staff bylaws adopted by the medical staff and established by the hospital board in any and all future actions taken by the defendants with respect to complaints involving the plaintiff's conduct or professional performance."
The defendants concede that the medical staff bylaws set forth the plaintiff's rights and remedies regarding the hospital and that the administration of those bylaws are subject to judicial review. A hospital's obligation to follow bylaws can stem from a contractual relationship between the hospital and the physician; and/or, it can be based on a preexisting legal duty imposed by our state department of health regulations to adopt bylaws, rules nd [and] regulations, including medical staff bylaws. Owens v. New BritainGeneral Hospital, 29 Conn. 592, 605 (1994) (citations and quotations omitted).
The crux of the defendants' argument is that the plaintiff has not been aggrieved under the medical staff bylaws because no "corrective action", as defined in the bylaws, has been taken against him. However, Exhibit "C", attached to the complaint, can be fairly characterized as a written reprimand and warning of "further disciplinary action" by the defendants against the plaintiff.
The plaintiff claims that the hospital is bound to abide by its own bylaws, which state regulations require it to enact; and, that the defendants' alleged conduct is unauthorized by the bylaws, which the law requires the defendants to follow. Administrative decisions by a hospital affecting a plaintiff's rights as a medical staff member under the bylaws are subject to judicial review.Gianetti v. Norwalk Hospital, 211 Conn. 51, 59 (1989).
For the reasons stated above, this court finds that the plaintiff — has standing to bring his third claim. Accordingly, the motion to dismiss the plaintiff's third claim is denied.
Martin, J. CT Page 7821