[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
On June 6, 1994, the plaintiff, Middlesex Mutual Assurance Company (Mutual Assurance), filed a declaratory judgment action against the defendants, Keith Prater and Keith F. Prater Associates (Prater Associates). The declaratory judgment action requests the court to declare that the defendants' homeowner's policy does not cover certain claims submitted to Mutual Assurance by the defendants.
In their complaint, Mutual Assurance alleges that on May 2, 1980, it issued to Prater a homeowner's policy that provided insurance coverage for his house, located within Stamford, Connecticut, and his business (Prater Associates), also located at his house in Stamford. Sometime thereafter, three persons sued Prater and Prater Associates for damages which allegedly occurred on the insured property in Stamford.
In these lawsuits, Fischer v. Prater (CV890286335S), andCrimi v. Prater (CV930133302S), the plaintiffs, Kristin and Kathleen Fischer, and Danielle Crimi, allege that Prater sexually assaulted them at his home in Stamford, while the plaintiffs were working for Prater Associates under Prater's supervision. In the declaratory judgment complaint, Mutual Assurance alleges that it determined that the underlying Crimi and Fischer complaints allege that Prater intentionally assaulted the three girls. The declaratory judgment complaint further alleges that Mutual Assurance notified Prater and Prater Associates that the policy did CT Page 12378 not afford Prater and Prater Associates coverage for intentional conduct, and therefore, Mutual Assurance was not obligated to defend or indemnify Prater and Prater Associates.
Prater and Prater Associates, however, disagree, and argue that the Crimi and Fischer complaints not only allege an intentional tort, but also that Prater was negligent by failing to realize that his intentional assault would cause the three girls harm. Hence, Prater and Prater Associates argue that Mutual Assurance is required to defend the action on behalf of Prater and Prater Associates because the Crimi and Fischer complaints allege a cause of action sounding in negligence.
Mutual Assurance filed this declaratory judgment action to determine whether, according to the terms of the homeowner's policy, Mutual Assurance must defend Prater and Prater Associates in the Crimi and Fischer proceedings. On June 27, 1994, Prater and Prater Associates moved to dismiss the declaratory judgment action filed by Mutual Assurance on the grounds that: (1) Middlesex is not the proper venue under C.G.S. § 51-345(d); (2) Mutual Assurance failed to notify all persons interested in the subject matter of the declaratory judgment action, as required by Practice Book § 390(d); and, (3) there is no issue in dispute or any substantial uncertainty of legal relations which requires settlement between the parties by way of a declaratory judgment action as required by Practice Book § 390(b).
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the court." Upson v. State, 190 Conn. 622,624-25, note 4, 461 A.2d 991 (1983). Thus, "[t]he motion to dismiss [is] used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. Barde v. Board of Trustees, 207 Conn. 59,539 A.2d 1000 (1988). The determination of whether the court has jurisdiction "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction."Gurliacci v. Mayer, supra, 218 Conn. 531, 543, 590 A.2d 914 (1991).
I. IS MIDDLESEX THE PROPER VENUE?
Prater and Prater Associates assert that the judicial district of Stamford, and not the judicial district of Middlesex, is the proper venue for the declaratory judgment action. In support of this assertion, Prater and Prater Associates argue that C.G.S. CT Page 12379 § 51-345(d) sets forth the venue options available to plaintiffs in actions that involve consumer transactions. Prater and Prater Associates further argue that the subject matter of the declaratory judgment action involves a consumer transaction. Thus, they assert that the judicial district of Stamford is the only available venue for Mutual Assurance's declaratory judgment action because it is the only venue which satisfies the requirements of C.G.S. § 51-345(d). See C.G.S. § 51-345(d).
Mutual Assurance argues that C.G.S § 51-345(c), which designates the venue options available for civil actions by a corporation, governs this action because Mutual Assurance is a corporation. See C.G.S. § 51-345(c). Hence, pursuant to C.G.S. § 51-345(c)(1), Middlesex is a proper venue because it is the judicial district where Mutual Assurance has an office or a place of business. Id. Moreover, Mutual Assurance argues that even if the court agrees with Prater and Prater Associates, and determines that C.G.S. § 51-345(d) is the operative venue statute, Middlesex is still the proper venue because the consumer transaction took place in the judicial district of Middlesex. See C.G.S. § 51-345(d).
"Venue requirements are created for the convenience of the litigants. . . ." State v. Orsini, 187 Conn. 264, 269,445 A.2d 887, cert. denied, 459 U.S. 861, 103 S.Ct. 136, 74 L.Ed.2d 116
(1982). The purpose of a venue statute is thus to locate actions in a venue that has some meaningful contact with the litigants and/or subject matter of the action. See A. Petrucci ConstructionCo. v. Alaimo Excavators Blasters, Inc., 2 Conn. L. Rptr. 106, 107 (1990) (Fuller, J.).
C.G.S. § 51-345(c) states:
 In all actions by a corporation, except actions made returnable under subsection (b) of this section, civil process shall be made returnable as follows: (1) If the plaintiff is either a domestic corporation or a United States corporation and the defendant is a resident, either (A) to the judicial district where the plaintiff has an office or a place of business or (B) to the judicial district where the defendant resides. . . .
C.G.S. § 51-345(c). Meanwhile, C.G.S. § 51-345(d) states:
 In all actions involving consumer transactions, civil process shall be made returnable to the judicial district CT Page 12380 where the defendant resides or where the transaction occurred. . . .
C.G.S. § 51-345(d).
The issue now before the court is which subsection of 51-345
applies when a corporation seeks to file an action that involves a consumer transaction? In analyzing the statutory language, we employ the standard rules of statutory construction. Sanzone v.Board of Police Commissioners, 219 Conn. 179, 187, 592 A.2d 912
(1991). "To determine the collectively expressed legislative intent, we look first to the language of the statute itself. If that language is plain and unambiguous, we go no further. . . . If, however, the statute is ambiguous, e.g., either opaque or susceptible to alternative conflicting interpretations, we will seek guidance from `extrinsic aids,' e.g., the legislative history. . . ." (Citations omitted.) Id.
The language of C.G.S. § 51-345 is unambiguous, and, a corporation that seeks to file an action involving a consumer transaction, may file the action in a venue which satisfies the requirements of C.G.S. § 51-345, subsection (c) or (d). SeeMancinone v. Warden, 162 Conn. 430, 438-39, 294 A.2d 564 (1972). In Mancinone v. Warden, the court held that an individual held in custody awaiting trial could conceivably receive two days jail time credit for each calendar day in custody based upon two separate statutes which apply to different circumstances. Id. In response to the argument that the legislature could not have intended to reward a convicted person, the court stated:
 [The legislature] may not have envisaged such situations where a person would be held in custody as a parole violator in addition to custody under a mittimus or for lack of bail. Nevertheless, the legislature did not restrict the operation of the statutes to circumstances where either the existence of a mittimus or lack of bail was the sole reason for custody. "It is not for us to search out some intent which we may believe the legislature actually had and give effect to it, but we are confined to the intention which is expressed in the words it has used."
Id.
The legislature restricted the operation of C.G.S. § 51-345(c) to exclude actions involving the title to land, trespass to land CT Page 12381 and actions to foreclose or redeem mortgages or liens upon real property. C.G.S. § 51-345(c). The legislature did not, however, restrict the operation of C.G.S. § 51-345(c) to exclude actions that involve a consumer transaction; see C.G.S. § 51-345(c); nor did the legislature restrict the operation of C.G.S. § 51-345(d) to exclude actions filed by a corporation. See C.G.S. § 51-345(d). Thus, it is not for the court to search out some intent which it may believe the legislature actually had and give effect to it, but instead give effect to the intention which is expressed in the words it has used. Mancinone v. Warden, supra 162 Conn. 438-39.
As already noted, the purpose of a venue statute is to place an action at a venue that has some meaningful contact with the litigants and/or the subject matter of the action A. PetrucciConstruction Co. v. Alaimo Excavators Blasters, Inc., supra2 Conn. L. Rptr. 107. As the language of C.G.S. § 51-345 is unambiguous, it follows that the legislature has unequivocally stated that: (1) a plaintiff in an action involving a consumer transaction has some meaningful contact with the judicial district where the defendant resides or where the transaction took place; C.G.S. § 51-345(d); and, (2) a corporation, incorporated in Connecticut, that wants to file an action against a defendant that is a resident of Connecticut, has some meaningful contact with the judicial district where the corporation has an office or place of business, or where the defendant resides. C.G.S. § 51-345(c)(1). Therefore, there is no merit to Prater's and Prater Associates' argument that only C.G.S. § 51-345(d) applies; see Mancinone v.Warden, supra 162 Conn. 438-39; and Mutual Assurance can file the declaratory action in any venue which satisfies the requirements of C.G.S. § 51-345, subsection (c)(1) or subsection (d). SeeMarketing Communications Corp. v. Meriden Orthopedic Group,
Superior Court, JD of Middlesex, DN 066183 (August 27, 1992) (Higgins, J.) (holding that venue is proper if the plaintiff selected a venue from one of the available options).
Mutual Assurance plead that it maintains its principal place of business in Middletown. Middletown is in the judicial district of Middlesex. C.G.S. § 51-344(6). Accordingly, venue is proper in the judicial district of Middlesex. C.G.S. § 51-345(c)(1).
II. FAILURE TO NOTIFY INTERESTED PARTIES
Prater and Prater Associates argue that the court lacks jurisdiction because Mutual Assurance failed to comply with Practice Book § 390(d). Practice Book § 390(d) requires the party CT Page 12382 seeking a declaratory judgment to notify all persons that have an interest in the subject matter of the declaratory judgment. Practice Book § 390(d). Prater and Prater Associates argue that the plaintiffs in the Crimi and Fisher proceedings are interested persons, and therefore, since Mutual Assurance failed to notify them about the declaratory judgment action, the court lacks jurisdiction.
Mutual Assurance argues that Practice Book § 390(d) only prohibits a court from rendering a declaratory judgment until all interested parties are notified by the plaintiff. Thus, Mutual Assurance argues that it is premature to dismiss the action because the court is not rendering the declaratory judgment. Moreover, Mutual Assurance argues that the issue is moot because they have since notified the Crimi and Fischer plaintiffs.
A trial court may entertain procedural efforts to cure a jurisdictional defect with regard to the giving of notice under Practice Book 390. Connecticut Ins. Guaranty Assn. v. RaymarkCorporation, 215 Conn. 224, 230, 575 A.2d 693 (1990). Practice Book "[s]ection 390 explicitly states that the `court will not render declaratory judgments upon the complaint of any person . . . unless all persons having interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.' Unlike other jurisdictional defects implicating the trial court's subject matter jurisdiction, the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." Serrani v. Board of Ethics,225 Conn. 305, 309, n. 5, 622 A.2d 1009 (1993). Rather, the court simply cannot issue the declaratory judgment until all persons interested in the subject matter of the action have received reasonable notice. Id.
Mutual Assurance notified counsel for Crimi and the Fishers via certified mail on June 29, 1994. Therefore, Mutual Assurance procedurally cured the jurisdictional defect, and the motion to dismiss the complaint on the second ground is denied. Id.
As a hearing is necessary to determine whether there is an actual bona fide or substantial question or issue in dispute which requires settlement between the parties, the motion to dismiss on this ground is denied without prejudice. CT Page 12383