[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 3, 1996
On May 31, 1996, the plaintiff, Edward T. Flaherty, filed a motion for a temporary order of mandamus against the defendants, Philip A. Giordano, Victor Guerrera, Claudio Mancini, Deborah Lewis and Henry McCafferty. The complaint alleges the following facts. The plaintiff is the superintendent of police for the City of Waterbury. The defendant Giordano is the mayor of the city. The other named defendants were members of the Waterbury Board of Police Commissioners at all times relevant to this action.
On April 17, 1996, the defendant police commissioners voted, upon the motion of Giordano, to suspend the plaintiff with pay for fifteen days pending an investigation and hearing to occur within that period. Thereafter, Giordano sent a letter to Flaherty informing him of the commission's vote and stating that Giordano was suspending Flaherty pursuant to his authority under Waterbury City Charter § 2102(d). (Complaint, May 31, 1996, Exhibit B: Letter to Flaherty from Giordano, April 18, 1996.) On May 1, the commissioners voted to accept notification of an executive order issued by Giordano continuing Flaherty's suspension pending completion of the investigation. (Complaint, May 31, 1996, Exhibit C: Letter to Flaherty from Giordano, April 30, 1996.)
Flaherty alleges that the defendants' actions in suspending him were illegal, arbitrary, capricious and beyond the scope of their lawful authority. Specifically, Flaherty alleges that the defendants' conduct is prohibited by General Statutes § 7-278;[1]
the Charter of the City of Waterbury §§ 2102, 2103 and 3333; the Charter of the City of Waterbury § 205A, as set forth in the Civil Service Rules and Regulations of the City of Waterbury;[2]
and the plaintiff's employment contract.[3]
Flaherty alleges that as a result of the defendants' actions, he has been deprived of his substantive and procedural due process rights under the federal and state constitutions and the remedies that may have been available to him, including notice and an opportunity to be heard. Flaherty seeks a writ of mandamus ordering the plaintiffs to permit him to return to work as the superintendent of police. He also seeks attorneys fees and costs.
On June 17, 1996, the defendants filed an objection to the request for a writ of mandamus and a memorandum in support thereof. On the same date, the defendants filed a motion to dismiss the plaintiff's motion for a writ of mandamus on the CT Page 6268 ground that the court lacks subject matter jurisdiction.[4] The defendants argue that Flaherty failed to exhaust his administrative remedies, which failure also precludes issuance of the writ.
On June 26, 1996, Flaherty filed a memorandum in support of the writ of mandamus. The defendants filed a reply brief on July 1. 1996. On July 8, 1996, a hearing was held before the court, Peck, J., on the mandamus action. Pursuant to a request by the court, the parties filed supplemental memoranda by July 18, 1996. As necessary for a determination of the motion to dismiss, the arguments of the parties in support of their respective positions will be set out below.
A motion to dismiss may be used to contest the court's subject matter jurisdiction. McCutcheon Burr, Inc. v. Berman,218 Conn. 512, 517, 590 A.2d 438 (1991). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.). Tolly v. Departmentof Human Resources, 225 Conn. 13, 29, 621 A.2d 719 (1993). The parties cannot confer subject matter jurisdiction on the court by consent or by waiver. Serrani v. Board of Ethics, 225 Conn. 305,308. 622 A.2d 1009 (1993): Practice Book § 145. "Once [the issue of lack of subject matter jurisdiction is] brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Internal quotation marks omitted.) Id.
Because the exhaustion doctrine implicates subject matter jurisdiction, the court must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff's claim.Polymer Resources, Ltd. v. Keeney, 227 Conn. 545, 557,630 A.2d 1304 (1993); Zoning Commission v. Fairfield Resources Management,Inc., 41 Conn. App. 89, 103, 674 A.2d 1335 (1996).
In their memorandum in support of their objection to the issuance of a writ of mandamus, the defendants argue that Flaherty has failed to exhaust his administrative remedies. They claim that Flaherty was notified of hearing dates and that he must exhaust this remedy before invoking the jurisdiction of the court. The defendants base their exhaustion argument on Flaherty's assertion that the Civil Service Rules and Regulations (hereinafter, "Rules") apply to his employment. The defendants assumed, therefore, that Flaherty must be relying on the provisions of Chapter XII of the Rules which the defendants argue does not apply to this case.[5] Flaherty has disclaimed, CT Page 6269 however. any reliance on the provisions of Chapter XII. (Plaintiff's Supplemental Memorandum in support of Mandamus, July 12, 1996, p. 6.)
Chapter XII of the Rules is entitled. "Disciplinary Action." Section 1(b) grants a "department head" the authority to suspend an employee in his department without pay. Although the Rules do not contain a definition of "department head," they do contain a definition of "department." A "department" is defined as "[a] subordinate branch of the City government." City of Waterbury, Civil Service Rules and Regulations, Chapter XIX, section 19. The mayor is not the head of a subordinate branch of the City of Waterbury. Rather, the mayor is given the power to control and supervise offices and departments of the City.[6] A reasonable construction of Chapter XII is that the disciplinary powers prescribed therein are vested in officials such as Flaherty and not the mayor. Indeed, the Duty Manual for the City of Waterbury Police Department defines "Superintendent of Police" as the "executive head of the Police Department." (Defendants' Objection to Request for Mandamus, June 17, 1996, Exhibit: Duty Manual. §§ 2010, 1003). Accordingly, the Court finds that Chapter XII does not apply to the facts of this case.
The defendants also contend that Chapter XVIII of the Rules does not apply to the facts of this case. (Defendants' Reply Brief, July 1, 1996, p. 16, stating: "the respondents strenuously object to the application of Chapters XII or XVIII to the facts and circumstances of this case") The defendants contradict themselves, however, when later they state, in the same memorandum, that "[c]learly, under the Civil Service Rules, the Plaintiff had an available administrative remedy of appeal which he failed to exhaust thereby removing this Court's jurisdiction" (Defendant's Reply Brief, July 1. 1996, p. 16.) The defendants adhere to the latter position in their Supplemental Memorandum, wherein they claim that "Plaintiff falls squarely within the four corners of Chapter 18 of the City of Waterbury Civil Service Rules. . ." (Defendants' Supplemental Memorandum in Opposition to Mandamus, July 18, 1996. p. 7.) Specifically, the defendants argue that Flaherty had a duty under Chapter XVIII to file an appeal with the Civil Service Commission within five days of his suspension. Flaherty argues that the administrative appeal procedures set out in Chapters XII and XVIII are inapplicable to the position of superintendent of police. He claims that although the Rules control the terms and conditions of his employment in general, the Civil Service Commission has not adopted rules CT Page 6270 regarding suspension of an employee in his class of service. In the alternative, the plaintiff argues that if the appeal procedures in the Rules do apply, he has no obligation to exhaust these remedies because they are inadequate.
It is well settled that, before resort to the courts is allowed, an employee must exhaust adequate administrative remedies. Hunt v. Prior, 236 Conn. 421, 431, 673 A.2d 514 (1996). "The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes. A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. . ." (Internal quotation marks omitted.). Id., 431-32. "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate." Id., 432.
The section of Chapter XVIII that the defendants claim Flaherty has failed to follow states: "Any permanent employee in the classified service who has been demoted, suspended, fined or dismissed shall have the right of appeal to the Civil Service Commission. The employee or his authorized representative must file such an appeal in writing, with the office of the Director of Personnel within five calendar days of the effective date of such action and must file a copy of such appeal at the same time with his appointing authority. The decision of the majority of the members of the Civil Service Commission shall be final. See Chapter XII, Section 3, Civil Service Rules and Regulations." City of Waterbury, Civil Service Rules and Regulations. Chapter XVIII, Section 2.
Chapter XVIII is entitled "Appeals and Grievance Procedures." Section 2, which sets out the procedures, refers to permanent employees in the classified service, such as Flaherty,[7] and also refers to "suspensions." Section 2, however, cites Chapter XII, entitled "Disciplinary Action." Chapter XVIII, therefore, specifically depends on the applicability of Chapter XII. Since the type of disciplinary action with which Chapter XII is concerned is suspension of an employee by a department head (as described in Chapter XII, Section 1(b)), and not the suspension of the superintendent of police by executive order of the mayor and the Board of Police Commissioners, it is inapplicable to this case, and concomitantly, the administrative appeals procedure set forth in Chapter XVIII also does not apply. Having so concluded, CT Page 6271 the court need not reach Flaherty's claim that resort to the administrative remedies under the Rules would be futile or inadequate.
Accordingly, the defendants' motion to dismiss is denied.
PECK, J.