[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 164
This suit concerns property bordering Lake Candlewood in Danbury, Connecticut. The plaintiff, Connecticut Light Power Company (CLP), owns the rights to the lake bed for Lake Candlewood, which it constructed in the 1920's. The defendants, Dana Mark David a/k/a Dana Mark David Associates (DMD); Richard Schlesinger, general partner of DMD; William Weinstein, general partner of DMD; Dana Investment Corporation; Richard Schlesinger d/b/a Mark David Associates; and William Weinstein d/b/a Mark David Associates, own property slightly in excess of seven acres abutting the lake (the property).[1]
Although the defendants' predecessors in title had been granted leases by CLP permitting them to construct short docks on the property, the defendants have not been granted any such lease or license from CLP. In addition, the defendants are subject to the following restrictive covenants stemming from their predecessors' deeds: (1) a portion of the property is to be used solely for the purpose of gaining access to the lake; (2) seawalls or riprap must be protective, that is, functional; (3) docks must be of "simple construction"; (4) docks may only be built along the shore of the lake; (5) docks may not be built or maintained "at a greater elevation or of a greater length than will be reasonable for use when the waters of said Lake are at or near high water elevation"; (6) no other structures except docks or floats may be maintained on CLP's property; (7) any exercise of these rights "shall not interfere with normal traffic" on the lake; and (9) no sewage of any kind may be discharged into the lake.
CLP initiated this action because it has become aware that the defendants intend to build condominium units on the lake which will be known as "dockominiums." In constructing these "dockominiums," the defendants apparently intend to create floating docks with electricity, running water and gasoline facilities. CLP contends that this intended use violates the defendants' deed restrictions, and brought this action to compel the defendants to remove certain docks and seawalls they have already constructed in furtherance of their plans for the property. In addition, CLP seeks a declaration of the parties' CT Page 9169 rights with respect to the restrictive covenants contained in the defendants' deeds.[2]
On June 6, 1996, defendants, Crystal Bay LP and Crystal Bay GP (the Crystal Bay defendants), filed a motion to dismiss the action for lack of subject matter jurisdiction, claiming that CLP has not complied with the requirements of Practice Book § 390(d) in instituting this declaratory judgment action by giving notice to all persons having an interest in the subject matter of the complaint. Specifically, the Crystal Bay defendants contend that CLP must give notice to all persons who own land along the lake since "the court's ruling will necessarily affect the deed rights of a great number of landowners along the shores of Candlewood Lake." This is so, the Crystal Bay defendants maintain, because restrictive language similar to that contained in the defendants' deeds also appears in other deeds in which CLP was the grantor. Specifically, a deed from CLP to one Michael J. O'Hara contained restrictive language similar to that in the defendants' deeds.
The Crystal Bay defendants argue that in a completely unrelated proceeding in this judicial district (the O'Hara action), CLP sought injunctive and declaratory relief against Michael O'Hara, who owns a marina on Lake Candlewood. to limit the amount and placement of docks he operated on the lake. The court (Hull, STR) ordered that § 390(d) notice had to be given to all persons who owned land along Lake Candlewood since the case involved a declaration of rights contained in O'Hara's deed from CLP, and that similar restrictive language was contained in the deeds of other landowners along Lake Candlewood. By implication, therefore, the Crystal Bay defendants argue that this court must also order that § 390(d) notice must be given to all landowners along Lake Candlewood.
CLP responds by arguing that although there may be some landowners who have one or two restrictive deed clauses which are similar to those contained in the defendants' deeds, the defendants' deeds have other, more specific restrictive clauses which make their deeds unique from those of any other landowners along Lake Candlewood. Therefore, CLP argues, "there is no other commercial marina operator (or other property owner) anywhere who has the identical limited, deed rights and restrictions as these defendants." Because there is no one else who may be affected by a determination in this proceeding, CLP argues that there are no due process concerns about notice pursuant to Practice Book § 390 CT Page 9170 (d). Additionally, CLP argues that even if the court should determine that § 390(d) notice must be given, the case should not be subject to dismissal for lack of subject matter jurisdiction.
"The jurisdiction of the trial court over declaratory judgment actions depends upon compliance with the notice requirement of Practice Book § 390(d)." Serrani v. Board ofEthics, 225 Conn. 305, 308, 622 A.2d 1009 (1993). That section provides: "The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book § 390. While it is true that the failure of the plaintiff to comply with the notice requirements of § 390(d) implicates the trial court's subject matter jurisdiction, it does not follow that the case must be dismissed due to that jurisdictional defect. Rather, the trial court may order compliance with § 390(d) to cure the jurisdictional defect. Serrani v. Board of Ethics, supra,225 Conn. 309; Kohn v. Town of Wilton, 42 Conn. App. 13, 16-17,___ A.2d ___ (1996).
In the instant case, although CLP argues that the restrictive covenants contained in the defendants' deeds are unique, the prudent course is to order § 390(d) notice to be given to other prospective parties. Accordingly, CLP is ordered to provide proof that all those with an interest in the subject matter of this litigation have been given notice of this action, if, in fact, any such persons or entities exist.[3]
Accordingly, the court requires CLP to search the land records for the area surrounding Lake Candlewood to determine if there are any owners who have similar restrictive clauses in their deeds. If the class of persons is finite and determinable, CLP is required to send letters by certified or registered mail to those individuals. If, as CLP claims, there are no such persons, it is required to document its search to the court and notice by publication will be sufficient.
Stodolink, J.