[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT
The plaintiff, American Home Assurance Co. (American Home), filed this complaint seeking a declaratory judgment regarding its obligation to defend and indemnify the insured, Stamford Propane, CT Page 3006 in several personal injury actions filed against Stamford Propane that arose from an explosion and fire at its place of business, 78 Magee Ave., Stamford, CT, on July 14, 1993. The plaintiffs in the underlying actions all allege that Stamford Propane was negligent in its handling of propane, and that this was the direct cause of their injuries. Both the underlying complaints and American Home's complaint in the present action allege that the explosion was the result of an employee of Stamford Propane improperly disconnecting a propane space heater on the premises. There is no dispute that Stamford Propane was covered at the time of the explosion by a commercial general liability insurance policy issued by American Home. American Home claims, however, that the accident is not covered under the policy because of limitations found in Endorsement 11. American Home is currently providing a defense for Stamford Propane, but asks the court to find that it is not legally or contractually obligated to defend or indemnify Stamford Propane under this policy.
Stamford Propane filed an answer, and four of the plaintiffs in the underlying actions, Alice Daum, Harry and Martine Quick, and Rory Amaya, moved to intervene in this action. On July 8, 1996, the court, Stevens, J., granted these motions. Each of the intervening defendants also filed a counterclaim asking the court to find that the claims against Stamford Propane are covered by this policy. American Home has answered the counterclaims asserting as a special defense that Endorsement 11 excludes these claims from coverage.
Motions for summary judgment and supporting memoranda have been filed by all parties. The question before the court on these motions is whether the incidents alleged in the underlying complaints fall within the coverage of the policy.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996).
A declaratory judgment is an appropriate method to determine whether an insurer has a duty to defend and indemnify its insured. Holy Trinity Church v. Aetna Casualty Surety Co.,214 Conn. 216, 219, 571 A.2d 107 (1990). "The court may address the merits of a declaratory judgment action upon a motion for summary CT Page 3007 judgment." Connecticut Indemnity Co. v. Martinez, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309577 (Jan. 31, 1995, Maiocco, J.), citing United Oil Co. v. UrbanRedevelopment Comm. of Stamford, 158 Conn. 364, 290 A.2d 596
(1969).
Though not raised by either party, the question of whether this court has subject matter jurisdiction must be considered. "The trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question." GlastonburyVolunteer Ambulance Assn., Inc. v. FOIC, 227 Conn. 848, 851,633 A.2d 305 (1993); see also Sasso v. Aleshin, 197 Conn. 87, 89-90,495 A.2d 1066 (1985).
Practice Book § 390(d) provides that a court will not render declaratory judgments "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." "Failure to comply with § 390(d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. . . . [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Citations omitted; internal quotation marks omitted.) Serrani v.Board of Ethics, 225 Conn. 305, 308, 622 A.2d 1009 (1993).
"Unlike other jurisdictional defects implicating the trial court's subject matter jurisdiction, . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." Serrani v. Board ofEthics, 225 Conn. 305, 309 n. 5, 622 A.2d 1009 (1993). "A jurisdictional defect relating to notice can be remedied. . . . Once there has been compliance with § 390(d), the trial court will have plenary authority to render whatever it then deems appropriate." (Citations omitted.) Id., 309-10.
Connecticut Ins. Guaranty Assn. v. Raymark Corp.,215 Conn. 224, 575 A.2d 693 (1990) presented a situation similar to the present case. An insurer brought a declaratory judgment to determine its liability to cover personal injury claims brought against its insured, but failed to notify any of the injured parties. The court concluded "that the trial court erred in rendering a declaratory judgment in this case before some representative of the interests of those having personal injury CT Page 3008 claims against Raymark, and thus having an interest in the . . . policies insuring its liability, had been joined in this action or notified of its pendency. Although these claimants are undoubtedly too numerous for all of them to be made parties, our statutes and rules of practice provide for allowing some defendants to represent others having similar interests. General Statutes §§ 52-105, 52-107; Practice Book §§ 87 through 90. The plaintiff should have joined some of the claimants, or persons authorized to represent them, as defendants and should have obtained authority from the court for these defendants to represent the class of claimants. As an alternative, the plaintiffs should have obtained an order of notice for the purpose of informing the claimants of the pendency of this action." Id., 230.
The plaintiff alleges in its complaint that all parties to the underlying litigation had been notified. Complaint, ¶¶ 9, 10 and 19. Paragraph 9 of the Complaint names 19 persons or entities as interested parties "to the best of the knowledge of the plaintiff," one of whom is the named defendant Stamford Propane. The plaintiff has not, however, introduced any evidence that all of the parties have been notified. Nor has the plaintiff filed any applications for orders of notice. Four of the injured parties did respond to this action by filing motions to intervene and they have responded to the plaintiff's motion for summary judgment and filed their own motions and memoranda.
The court file does not disclose any evidence, other than the allegation in the plaintiff's complaint, that all interested parties have been notified. It is thus deprived of subject matter jurisdiction to act upon the summary judgment motions.
Nonetheless, it not required that the court dismiss this suit, for the jurisdictional defect can be cured. ConnecticutIns. Guaranty Assn., v. Raymark Corporation, supra,215 Conn. 230. Nor does it seem appropriate under the circumstances of this case that the plaintiff file an application for an order of notice, given the small number of prospective defendants.[1]
The court would expect the plaintiff to present some evidence, by affidavit or otherwise, that all interested parties have indeed been notified.
The motions for summary judgment are held in abeyance until the jurisdictional defect has been cured, at which time the court will rule upon them. The undersigned will retain the file for CT Page 3009 disposition of the motions at the appropriate time.
D'ANDREA, J.